JOHN CHARLES BARCLAY

*v.*

GRACE LESLIE BARCLAY.

*Opinion filed February 21, 1900—Rehearing denied April 6, 1900.*

1. CONTEMPT—*in a civil suit defendant's presence is not necessary on entering order of committal.*   An application for a rule to show cause why defendant is not in contempt for refusing to pay alimony is a civil suit, and it is not necessary that the defendant be personally present in order to authorize the court to commit the defendant.

2. SAME—*defendant not entitled to jury trial in a contempt proceeding for failure to pay alimony.*   The act of 1893, (Laws of 1893, p. 96,) providing for a trial by jury "in all cases where a judgment may be satisfied by imprisonment," has no application to a contempt proceeding against one who refuses to obey a decree in a separate maintenance suit concerning payment of alimony.

3. SAME—*a decree for alimony is not a debt within the meaning of the constitution.*   A decree for the payment of alimony, which is sought to be enforced by a contempt proceeding against the defendant, is not a debt, within the meaning of section 12 of article 2 of the constitution, prohibiting imprisonment for debt.

4. SAME—*what facts justify committal for contempt.*   Committal for contempt in refusing to obey a decree for payment of $40 a month alimony for the support of defendant's wife and infant daughter is justified by evidence that he has persistently refused to make payments under the decree, while spending his entire salary of $125 a month upon himself and minor son and in fruitless litigation to escape compliance with the decree.

*Barclay* v. *Barclay*, 83 Ill. App. 366, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Alexander J. Jones, for appellant:

The order for commitment of a person guilty of contempt in the presence of the court should show that the defendant was in court when judgment was entered. *Rawson* v. *Rawson,* 35 Ill. App. 505.

While a court may commit for contempt in its presence without the service of any process, it is essential to the validity of the order of commitment even then that it show that the defendant was present in court when judgment was entered, and no judgment against him would be valid which would be entered in his absence. *Trimball* v. *Barnard,* 15 Weekly Notes of Cases, 127; *In re Pollard,* 2 L. R. Privy Council App. 106; *Louisiana* v. *Judges,* 32 La. Ann. 1256; *Berkson* v. *People,* 51 Ill. App. 105.

The defendant must appear in .person, and not by attorney, in order to give the court jurisdiction of his person. Vin. Abr. "Contempt," F. 7; *Vertner* v. *Martin,* 10 L. & M. 103; 20 Am. Law Reg. (N. S.) 149, and cases cited.

The court erred in entering the order of commitment for non-payment of the judgment without giving defendant a trial by jury, or without having secured a formal waiver in writing of the right of the defendant to a trial by jury. Laws of 1893, p. 96.

The court erred in committing the defendant to imprisonment for debt in violation of section 12 of article 2 of the constitution of the State of Illinois, the record failing to show that he had refused to deliver up his estate for the benefit of creditors or that there had been in his action a strong presumption of fraud. That constitutional provision is as follows: "No person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors in such a manner as

shall be prescribed by law, or in cases where there is a strong presumption of fraud."

Any liability to pay money growing out of contract, express or implied, is a debt, within the meaning of the above provision of the constitution. *Parker* v. *Follansbee*, 45 Ill. 473.

JAMES MAHER, for appellee:

In contempt cases for non-payment of alimony under a decree or order it is not necessary that the defendant be personally in court. *O'Callaghan* v. *O'Callaghan*, 69 Ill. 552; *Petrie* v. *People*, 40 id. 334; *Berkson* v. *People*, 154 id. 81.

In matters of contempt a jury is not required by due process of law. *People* v. *Kipley*, 171 Ill. 44; *Wightman* v. *Wightman*, 45 id. 167.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant prosecutes this appeal to reverse a judgment of the court below affirming an order of the circuit court of Cook county committing him to the county jail for contempt. The proceeding in the latter court was to compel appellant to pay a certain amount due by the terms of a decree by the same court, November 6, 1895, ordering him to pay the sum of $40 per month for the separate maintenance of his wife, Grace Leslie Barclay, and his infant daughter, left in the mother's custody by said decree. In her application for a rule upon him to show cause why he should not be attached for contempt in failing and refusing to make the payment so ordered, his wife showed by her affidavit that $612 had accrued under the decree, which was then due her and wholly unpaid, and set forth facts showing his ability and refusal to pay the same; also, by certain exhibits filed with her affidavit, that she had been unable to collect any part of the amount so due, by execution or garnishee process. On January 26, 1898, in answer to a rule to show cause, the affidavit of the defendant, by way of answer, was

presented to the court, wherein he admitted the amount alleged by the wife to be due and unpaid by the terms of the decree against him, but set up matters which he claimed were sufficient to excuse and justify his failure to pay the same.    He also alleged that the wife had an interest in certain property held by her mother, adequate to the support of herself and child.    A counter-affidavit by the mother was filed on behalf of the complainant, denying that she held any property whatever in which her daughter was interested.    Upon the hearing the court found that it had jurisdiction in the cause, and that the parties were present in court by counsel; that there was then due the complainant $612 for arrears under said decree, no part of which had been paid, and that no sufficient cause was shown by the defendant why the same should not be paid, but that he willfully failed and refused to obey the order and decree of the court to pay the same; also finding him to be in contempt of court, and ordering him committed to the common jail of the county until he should pay said sum of money or until he should be released by due process of law.    That judgment has been affirmed by the Appellate Court.

The first contention on behalf of appellant is, that the record shows he was not personally present in court at the time he was ordered to be committed, and that the court therefore had no jurisdiction of his person to enter such order.    Conceding that it does affirmatively appear that he was not then before the court in person, but only by counsel, the point is without merit.    The authorities cited by counsel to the effect that the presence of the defendant in a contempt proceeding is necessary to the validity of an order committing him to imprisonment, are cases in which the party was arraigned for a criminal contempt and sentenced to jail as a punishment for the offense.    They are not in point here.    The distinction between that class of cases and this has been frequently pointed out and recognized by this court.    This is a civil

action for the benefit of the wife, complainant in the separate maintenance proceeding, to enforce the payment of the amount decreed her in that action. (Hurd's Stat. 1899, chap. 22, sec. 42; *People* v. *Diedrich*, 141 Ill. 665, and cases cited; *Leopold* v. *People*, 140 id. 552; *Lester* v. *People*, 150 id. 408.) Being a proceeding for the enforcement of a civil remedy, the defendant's personal presence was not necessary to authorize the court to enter the order of committal. (*Petrie* v. *People*, 40 Ill. 334; *O'Callaghan* v. *O'Callaghan*, 69 id. 552.) The reason for the distinction in this regard between criminal and civil contempt proceedings is well defined in *Pitt* v. *Davidson*, 37 N. Y. 235.

The next ground of reversal is, that under the act approved June 17, 1893, entitled "An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," (Laws of 1893, p. 96,) it was error to commit the defendant without a trial by jury. This point is also without merit. (*People* v. *Kipley*, 171 Ill. 44.) This is in no sense a case in which the judgment of the court may be satisfied by imprisonment, but, as already stated, is a proceeding under the general powers of a court of chancery and the provisions of the statute above cited to coerce the performance of its decree, and that power is in no way qualified or limited by the act of 1893.

It is further insisted that the decree sought to be enforced is a debt, within the meaning of section 12 of article 2 of the constitution, prohibiting imprisonment for debt. A sufficient answer to this branch of the argument is that the decree is not a debt, in the sense of the constitution. *Wightman* v. *Wightman*, 45 Ill. 167.

It is finally urged, with much earnestness, that the facts shown upon the hearing did not justify the order of the court, but that the defendant sufficiently established his inability to perform the decree to entitle him to his discharge. With this contention we cannot agree. On the contrary, his own affidavit clearly shows that he has persistently and repeatedly refused to make pay-

ments in performance of the decree when he had the ability to do so, choosing to spend large sums of money in resisting payments rather than to apply the same in the discharge of his liability. He, as appears from his own showing, seems to have acted upon the theory that he was justified in spending the whole of his salary, amounting to $125 per month, for his own support and that of his minor son, and in fruitless litigation to escape the performance of the decree for the maintenance of his wife and daughter, leaving them without any support whatever. Nor does he show that the amounts claimed to have been expended for his own support and that of his son were necessary for that purpose. No one can impartially read his answer without being forced to the conviction that he has willfully violated the decree against him by failing and refusing to make payments as therein required, justifying himself in so doing upon the ground that his wife had been guilty of unjustifiable and oppressive conduct. He has not, so far as this record shows, attempted to procure a modification of the decree, as he might have done if he could show that, acting fairly toward the complainant and in a spirit of obedience to the court, he was unable to perform the same. If it be said that his imprisonment deprives him of his salary,— the only means by which he could perform the decree,— and therefore results in his indefinite confinement in jail rather than in compelling the payment of the amount due complainant, the answer is, that he was in open contempt of the court, and in no position to claim exemptions from imprisonment that he might continue to earn money which he refused to apply in obedience to the decree. Nor is this order an indefinite committal. He may, under it, be discharged, if he can show that he is entitled thereto, by due process of law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*