(No. 22587.—

MARION G. WILSON, Exrx., Defendant in Error, *vs.* RAYMOND E. PROCHNOW, Plaintiff in Error.

*Opinion filed December 18, 1934—Rehearing denied Feb. 6, 1935.*

WM. SCOTT STEWART, (ALTHEIMER, MAYER, WOODS & SMITH, of counsel,) for plaintiff in error.

THOMAS G. VENT, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was committed to the county jail of Cook county by virtue of certain orders entered by the circuit court of that county on a hearing on appeal from a proceeding in the probate court, instituted under the Administration act, for the recovery of property.

Defendant in error, as executrix of the will of William Garnett, filed in the probate court of Cook county a statement under sections 81 and 82 of the act entitled, "Administration of estates," setting out that plaintiff in error had in his possession at the death of William Garnett certain bonds, and that he had converted them to his own

use and refused to deliver them up or to pay their value. Prochnow was cited in accordance with the statute, and, on hearing, the probate court ordered him to deliver to the executrix certain bonds. On appeal to the circuit court that order was in part affirmed, and Prochnow having failed to turn over the bonds, was on May 23, 1932, ordered committed to jail. On March 30, 1933, he filed a verified petition in the nature of a writ of error *coram nobis,* asking that the orders of the circuit court be set aside and vacated. Opposition thereto was presented by the executrix and the prayer of the petition was denied. Thereafter Prochnow sued out from this court a writ of error to review the order of the circuit court. This court finding no questions giving it jurisdiction on direct review, transferred the cause to the Appellate Court for the First District. (354 Ill. 98.) That court affirmed the order of the circuit court. Plaintiff in error, Prochnow, has sued out a writ of error from this court to review the judgment of the Appellate Court.

There is again presented in this case a question of this court's jurisdiction to review the judgment of the Appellate Court on writ of error. Section 81 of the Administration of Estates act provides, in effect, that on the statement of an executor or administrator of an estate filed in the probate court, setting out that any person has in his possession or control, or has concealed, converted or embezzled, any property belonging to such deceased person or his estate, the court will require such person to appear before it by citation and examine him on oath and shall make such order in the premises as the case may require. By section 82 it is provided that if the court shall order that such person deliver up such property or effects, or, in case they have been converted, the value thereof, the court may, on refusal to comply with the order, commit such person to jail until he shall have complied therewith. These were the sections of the statute under which the proceedings were instituted against Prochnow. Their purpose is

to provide a summary method for the recovery of certain defined property which belonged to the decedent at his death but which had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled. (*Johnson* v. *Nelson,* 341 Ill. 119; *Dinsmoor* v. *Bressler,* 164 id. 211.) In such a case as the one before us the proceeding against such party on his refusal to comply with the order of court is, under section 82 of the Administration act, one in contempt.

Contempts have been classified as criminal contempts and civil contempts. The former includes acts in disrespect of the court or its process and those tending to bring the court into disrepute or obstruct the administration of justice. Civil contempts have been characterized as quasi-contempts, and consist in failing to do something which the contemner is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court. In such a case the process is civil. (*Hake* v. *People,* 230 Ill. 174; *Holbrook* v. *Ford,* 153 id. 633.) In this class of cases, while the authority of the court may be said to be incidentally vindicated, its power is called into exercise for the benefit of a private litigant and not in the public interest, merely. If imprisonment is ordered, it is not as a punishment but to the end that the other party to the suit may obtain a remedy for the advancement of his own private interests and rights which he could not otherwise procure. *People* v. *Elbert,* 287 Ill. 458; *O'Brien* v. *People,* 216 id. 354; *Loven* v. *People,* 158 id. 159; *People* v. *Diedrich,* 141 id. 665; *Crook* v. *People,* 16 id. 534.

The Practice act of 1907, under which this writ of error has been sued out, by section 121 thereof provides that judgments and decrees of the Appellate Court shall be final in all cases except those in which the constitution requires that appeals to and writs of error from the Supreme

Court be allowed, and except those cases in which the Appellate Court may grant certificates of importance or in which this court may grant writs of *certiorari*. The whole subject of review by this court of the judgments of the Appellate Courts was thus covered by section 121 of the Practice act, and that section provided or indicated the only methods by which the judgments of the Appellate Court in civil cases may be reviewed by this court. (*Lansingh* v. *Dempster,* 255 Ill. 161.) As this is a civil proceeding it falls within the provisions of section 121 of the Practice act of 1907.

It follows that this court does not have jurisdiction to review this cause on writ of error, and the writ is therefore dismissed.

*Writ dismissed.*