GRAY PANTHERS *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF INSURANCE *et al.*, Defendants-Appellees.

First District (5th Division)   No. 81—1366

Opinion filed November 29, 1982.

Phillip H. Snelling, Debora A. Taylor, and Dodge Wells, all of Legal Assistance Foundation, and Ellis B. Levin, both of Chicago, for appellants.

Kirkland & Ellis and Brian R. Van Vlierbergen, both of Chicago, for appellee Health Care Service Corporation.

Tyrone C. Fahner, Attorney General, of Springfield (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellees Department of Insurance of the State of Illinois, Philip R. O'Connor, and Dan K. Webb.

JUSTICE MEJDA delivered the opinion of the court:

This action was brought upon a complaint for administrative review of the order of defendant Director of the Department of Insurance of the State of Illinois (Director) which granted a rate increase to defendant Health Care Service Corporation (HCSC). The circuit court affirmed the decision of the Director and entered judgment for defendants from which this appeal is taken. We remand for further hearings.

Plaintiffs raise three issues on appeal: (1) whether the Director erred in determining that the cost containment standards of section 5 of the Non-Profit Health Care Service Plan Act (the Act) (Ill. Rev.

Stat. 1981, ch. 32, par. 555) should not be applied to the October 7, 1980, rate filing of HCSC; (2) whether plaintiffs' rights of due process of law were violated by the refusal of the hearing officer and the Director to consider evidence on the cost containment issue; and (3) whether the hearing officer and Director erred in taking official notice after the close of the record and without notice to the parties.

On October 7, 1980, defendant HCSC initiated this proceeding by filing with the Director a letter notifying him that HCSC intended to increase the premium for its Medicare Part A supplemental insurance coverage.[1] The notice of hearing on HCSC's proposed rate increase identified two issues for determination: (1) whether the proposed changes constituted a change in "rates," and (2) whether the proposed changes are subject to the cost containment standards of section 5 of the Act. At the hearing, however, only the former question was considered and the hearing officer excluded any evidence concerning the latter issue.

On January 6, 1981, the Director issued an order finding that although the charges to subscribers described in HCSC's October 7, 1980, filing constitute a "rate" increase within the meaning of section 5 of the Act, such rate increase was not subject to the cost containment standards made pursuant to section 5 due to the remoteness of the effect of the standards upon HCSC's rates. The Director allowed $2.28 of the $2.48 requested increase.

Plaintiffs appealed to the circuit court contending that the Director's conclusion that the section 5 cost containment standards did not apply to HCSC's rate application was erroneous. Plaintiffs also contended that due process was denied by the hearing officer's refusing to permit evidence on the cost containment issue and by his taking official notice of certain facts after the hearing, which facts were then used as the sole factual basis of his determination.

On May 4, 1981, the circuit court affirmed the Director's order. Plaintiffs appeal.

---

[1]This coverage, also referred to as Blue Cross 65 insurance, provides benefits to those subscribers eligible for Medicare in the amount of the deductible and co-payment amounts not covered by Medicare. Medicare pays for the first 60 days of hospitalization except for the base deductible (deductible) but the Medicare subscriber's liability increases significantly after the 60th day. The patient is responsible for 25% of the deductible each day between the 61st and 90th day of hospitalization and for 50% of the deductible each day between the 91st and 150th day of hospitalization. The deductible is equal to the national average per diem hospital cost and is controlled at the Federal level in conformance with Federal statute. Although the deductible increased from $124 in 1977 to $204 in 1981, HCSC has not been granted a rate increase since 1977.

OPINION

The first issue raised by plaintiffs is whether the Director erred in determining that the charges described in HCSC's October 7, 1980, filing are not subject to the cost containment standards of section 5.

Section 5 of the Act states in pertinent part:

> "Rates to be charged to subscribers or subscriber groups shall be deemed unreasonable *if the Director of Insurance finds* that the health care service corporation has failed to make a vigorous, good-faith effort to contain rates of reimbursement to hospitals and other participating health care providers as well as to promote cost-effective alternative forms of health care." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 32, par. 555.

An interpretation placed upon a statute by an administrative official cannot alter the plain language of the statute. (*Burlington Northern, Inc. v. Department of Revenue* (1975), 32 Ill. App. 3d 166, 174, 336 N.E.2d 170, 178.) In the instant case, although the Director found that HCSC's October 7, 1980, filing constituted a "rate to be charged," which finding is not disputed, he granted the rate increase without making a determination regarding HCSC's cost containment efforts. This action was contrary to the plain language of the statute, which provides that rates to be charged shall be deemed unreasonable "if the Director shall find" that efforts at cost containment have not been made. The phrase "if the Director shall find" requires the Director to make a determination. The statute by its terms does not grant the Director discretion to allow a rate increase without making this determination, and we find that the Director erred in doing so.

An administrative official must follow the expressed statutory mandate and may not put into the statute a limitation which the legislature did not prescribe. (*Morrill v. Jones* (1883), 106 U.S. 466, 27 L. Ed. 267, 1 S. Ct. 423.) In the case at bar the Director predicated his decision to disregard the cost-containment standards of section 5 upon the remoteness of HCSC's cost-containment activities in relation to the action of the Federal government in increasing the amount of the deductible. We hold that the Director erred in limiting the requirement of cost-containment determinations to only those situations where the requested rate increase could have been affected by cost-containment activities. The legislature did not distinguish between rate increases which are caused by failure to comply with cost-containment standards and increases caused by other factors, but stated unequivocally that rate increases shall be deemed unreasonable if the corporation has failed to make appropriate efforts to contain costs. Because the statute does not require that rates charged to sub-

scribers be affected by cost-containment activities, we find that the Director erred in predicating his decision on the existence of such a requirement and granting the rate increases without assessing HCSC's cost-containment efforts.

Because of our disposition of this issue, we find it unnecessary to reach the other issues raised by plaintiffs.

Accordingly, the orders of the circuit court and of the Director are reversed and the cause is remanded for further administrative proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SULLIVAN, P.J., and LORENZ, J., concur.