*In re* MARRIAGE OF JULIE A. BETTS, Petitioner-Appellee, and JOHN A. BETTS, Respondent-Appellant.

Fourth District   No. 4—89—0161

Opinion filed November 30, 1989.—Rehearing denied December 21, 1989.

Kenneth A. Kozel, of La Salle, for appellant.

Paul R. Wilson, Jr., of Wilson & Lanto, of Rantoul, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent John A. Betts appeals from an order entered July 29, 1988, finding respondent in contempt of court and from an order entered February 24, 1989, denying a motion to reconsider the July 1988 order. Primarily, respondent contends the trial court erred in finding him in criminal contempt of court for failing to comply with a child support order where the order should have been civil contempt. Respondent also urges because he did not receive mail notice of the hearing on the show cause petition, the order is void and should have been vacated on February 24, 1989. For the reasons that follow, we reverse the trial court.

On April 27, 1988, petitioner, Julie A. Betts, filed a petition for rule to show cause against respondent, alleging respondent failed to comply with the December 11, 1987, court order directing respondent to pay $1,200 each semester to Jodie Betts, respondent's daughter, or to Illinois Wesleyan University (University), where Jodie was a full-time student. The petition alleged the first $1,200 installment, due on or before December 31, 1987, was not paid. An order for a rule to show cause was issued May 2, 1988. A show-cause hearing was scheduled for May 6, 1988. An alias order to show cause was issued on May 6, 1988. A second alias order was issued on May 31, 1988, setting a hearing for June 30, 1988. On the court's own motion, the hearing on June 30 was continued to July 29, 1988. Respondent filed a response to the show-cause order on July 29, 1988. The record reflects the re-

spondent was properly served with the second alias order to show cause. The record does not show notice to respondent to appear at the July 29 hearing.

Respondent did not personally appear at the July 29, 1988, hearing. However, respondent's counsel, Kenneth Kozel, appeared. The court found counsel's appearance established that respondent was aware of the hearing, despite the fact written mail notice of the July 29 hearing was not given to the respondent. The evidence established that respondent paid only $1,240 for the 1987-88 school year to the University and received a refund of $155.84 for overpayments made. Respondent paid the aforementioned amount on June 23, 1988, six months after the court-ordered date for payment. At the time of the hearing, no amounts were due and owing the University for the previous school year because a large portion of Jodie's tuition had been paid by various loans and scholarships and by Jodie's employment at the school.

The docket entry in the record for July 29, 1988, reveals the court found respondent "in contempt" of court for failing to make a tuition payment in December 1987. The trial court found respondent's payment on June 23 represented the June 1988 installment and the December 1987 payment remained unpaid. Judgment was entered for petitioner in the amount of $1,315.84, the amount of the arrearage for the 1987-88 school year. Respondent was sentenced to six months in jail, with leave to purge the contempt after 60 days in jail by paying the sum of $1,200 to petitioner for the use and benefit of Jodie.

Respondent appealed to this court on July 29, 1988. The notice of appeal stated respondent was appealing all orders of the trial court entered on July 29, 1988. On August 8, 1988, *petitioner* filed a motion to stay the incarceration, asserting the jail sentence without a purging provision for the first 60 days was error. On August 26, 1988, respondent filed an amended notice of appeal pursuant to Supreme Court Rule 303(c)(4) (107 Ill. 2d R. 303(c)(4)). The amended notice specified respondent sought to appeal only the money judgment entered for petitioner on July 29, 1988. On the same day the amended notice of appeal was filed, respondent filed a motion in the trial court for reconsideration of the July 29, 1988, order. This court dismissed respondent's appeal on November 29, 1988, for respondent's failure to file a brief. *In re Marriage of Betts* (4th Dist. 1988), No. 4—88—0561 (order of dismissal).

On February 24, 1989, the trial court heard arguments on respondent's motion for reconsideration of the July 1988 order. Because of the appeal by respondent, the trial court ordered this motion

"stricken from the record as not being properly filed." By docket entry, the trial court stated that even if the motion was properly filed, it should be denied "because the respondent was properly held in indirect criminal contempt. \*\*\* For both reasons the motion to reconsider was denied." The court, by its docket order, also stated "warrant of arrest issue \*\*\* be committed to the Ford County Jail to commence serving a term of six months imprisonment imposed upon him for indirect criminal contempt of this court on July 29, 1988." Respondent filed a notice of appeal on February 24, 1989, from the orders of the court entered on February 24, 1989, and those orders entered on July 29, 1988. Execution of the jail sentence was stayed by this court pending this appeal.

■ Although not argued by the parties, we first consider the effect of respondent's first appeal in July and August 1988, and its dismissal, on the matters presented in the appeal now before us. As noted, by the amended notice in August 1988, respondent sought review of only the money judgment entered for petitioner on July 29. Rule 303(c)(2) allows an appeal from a portion of a judgment. (107 Ill. 2d R. 303(c)(2).) Such appeals are confined to those judgments and orders which are severable because they deal with independent matters. (*Kerner v. Thompson* (1936), 365 Ill. 149, 154, 6 N.E.2d 131, 133.) The July 29, 1988, orders, which included a judgment civil in nature and a criminal contempt charge, were severable. The principles of *res judicata* bar respondent from raising any issues regarding the money judgment which was before this court in the first appeal. *People v. Mitchell* (1981), 95 Ill. App. 3d 779, 791, 420 N.E.2d 415, 424.

As stated, both petitioner and respondent filed motions for reconsideration of the incarceration of respondent. These motions as to the contempt charge were properly before the trial court for hearing on February 24, 1989. (107 Ill. 2d Rules 303(a)(2), (a)(4).) The appeal of the February 24, 1989, orders permits this court to review the court's order of July 29, 1988, finding the defendant in contempt and sentencing him to jail. Although the court's orders of July 29, 1988, and February 24, 1989, as to incarceration do not order the same term of incarceration (on July 29, 1988, respondent was ordered to serve six months, with leave to purge after having served 60 days of his sentence—on February 24, 1989, respondent was ordered to serve a term of six months for indirect criminal contempt of the circuit court on July 29, 1988), the discrepancy does not affect the disposition made here.

Respondent argues the contempt finding must be reversed because he was not advised in advance of the nature of the contempt

proceedings; he did not receive notice of the hearing held on July 29, 1988; petitioner presented no evidence in support of the show-cause petition; and respondent was not found guilty beyond a reasonable doubt. Respondent relies principally on this court's decision in *In re J.L.D.* (1989), 178 Ill. App. 3d 1025, 534 N.E.2d 190.

Petitioner counters that respondent, by implication, knew the July 29, 1988, hearing would involve criminal contempt since respondent, in June 1988, paid the child support claimed due in the show-cause petition. Thus, the only matters that could have been before the trial court on July 29 involved criminal, not civil, contempt. Petitioner argues the evidence of respondent's contumacious conduct was presented by exhibit to the trial court, after respondent's counsel elected to proceed with a full hearing on the petition. According to petitioner, this exhibit constitutes an admission in court by respondent of his contumacious conduct and, therefore, respondent was properly summarily punished. Petitioner cites *People v. Boucher* (1989), 179 Ill. App. 3d 832, 535 N.E.2d 56. Last, petitioner maintains respondent was afforded his due process rights in accord with this court's decision in *J.L.D.*

■ Courts are vested with inherent power to enforce their orders by way of contempt. (*In re Johnson* (1985), 134 Ill. App. 3d 365, 377, 480 N.E.2d 520, 529.) Whether and on what grounds a party is guilty of contempt and the decision whether to punish the contemnor rests within the sound discretion of the trial court. (*In re Marriage of Wassom* (1988), 165 Ill. App. 3d 1076, 1079, 519 N.E.2d 1147, 1149.) Such discretion will not be reversed unless it has been abused or is against the manifest weight of the evidence. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 287, 469 N.E.2d 167, 176.

■ ■ There is no dispute that the conduct here involves indirect contempt. The record shows the trial court found respondent in criminal contempt. Respondent argues the trial court could not find him in criminal contempt because failure to pay child support is recognized as civil contempt. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167; *People ex rel. Williams v. Williams* (1987), 156 Ill. App. 3d 438, 509 N.E.2d 460; *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.) We disagree. In our view, the trial court had the authority to find respondent in criminal, as well as civil, contempt, for his actions lessened the dignity of the court. (*Hoga v. Clark* (1983), 113 Ill. App. 3d 1050, 1058, 448 N.E.2d 196, 201.) However, in criminal contempt proceedings, a contemnor is entitled to certain constitutional protections. (*In re Marriage of Wilde* (1986), 141 Ill. App. 3d 464, 490 N.E.2d 95.) The alleged contemnor must be (1)

informed of the charges against him by rule to show cause or otherwise; (2) allowed to file an answer; (3) afforded a reasonable opportunity to defend at a hearing; and (4) found guilty beyond a reasonable doubt. (*In re J.L.D.* (1989), 178 Ill. App. 3d 1025, 1031, 534 N.E.2d 190, 194.) These protections the respondent did not receive.

The record reflects respondent received the rule to show cause prior to the scheduling of any hearing, yet failed to receive notice of the hearing on July 29, which had been continued from the previously scheduled date of June 30, 1988. No hearing or other action was taken on June 30, and the trial court, by letter dated July 1, 1988, and filed July 5, 1988, directed the clerk of the court to make the following entry in the docket:

> "Upon motion of the court It Was Ordered that this cause be continued to July 29, 1988, at 9 a.m. for hearing on the rule to show cause."

The next action taken by the trial court was at the hearing on July 29, where only respondent's counsel appeared. As noted, the trial court found respondent had notice of the July 29 hearing by virtue of the appearance of his counsel.

■■ ■ Considering the totality of the circumstances in this case, we do not believe the appearance of respondent's counsel at the hearing on July 29, 1988, was tantamount to notice to respondent of the July 29 hearing. Respondent argues our decision in *J.L.D.* requires the rule to show cause to reflect a contemnor may be found in civil or criminal contempt. We disagree. *J.L.D.* is distinguishable from this case because there, the contemnor had purged herself of civil contempt prior to the filing of the contempt petition. We are unable to find a rule of law which requires a trial court to specify in advance the nature of the contempt proceedings, where the contumacious conduct existing at the time of the filing of the petition involved violation of a court order. Nevertheless, we believe such a practice is preferred. In the case presented, because the July 29, 1988, hearing involved criminal contempt issues, respondent was required to be present before the imposition of a definite sentence for criminal contempt. (See *Barclay v. Barclay* (1900), 184 Ill. 471, 56 N.E. 821; *Porter v. Alexenburg* (1947), 396 Ill. 57, 71 N.E.2d 58.) Further, the record establishes two rules to show cause were pending at the time of this hearing, one directed against respondent and one directed against respondent and his attorney. Contrary to petitioner's argument, either one of these matters could have been before the court on July 29, 1988, without respondent's knowledge.

■ We further find reversible error in the failure of the trial

court to recite in its mittimus or at the July 29 hearing that respondent was found guilty beyond a reasonable doubt. (*J.L.D.*, 178 Ill. App. 3d at 1033, 534 N.E.2d at 195.) Despite the fact the record may contain evidence to sustain such a finding, it is not for this court to conclude the trial court did in fact make this finding. *Hoga*, 113 Ill. App. 13 at 1061, 448 N.E.2d at 203.

We reverse the July 29, 1988, and February 24, 1989, orders finding respondent in indirect criminal contempt of court. Petitioner filed a motion to strike respondent's reply brief and portions of respondent's brief which allegedly referred to evidence excluded by the trial court. These motions were ordered taken with the case. In view of our disposition in this matter, the motions, along with respondent's remaining issues, will not be addressed.

The orders of the trial court are reversed.

Reversed.

SPITZ and GREEN, JJ., concur.