WESKO PLATING, INC., n/k/a Gatto Industrial Platers, Inc., Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (1st Division)   No. 1—90—2265

Opinion filed November 18, 1991.

Roland W. Burris, Attorney General, of Springfield (Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

Stone, Pogrund, Korey & Spagat, of Chicago (Bertram A. Stone and Lawrence J. Stark, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The Illinois Department of Revenue appeals from a determination by the circuit court that use of chemicals by Wesko Plating, Incorporated, in a system for eliminating pollutants was exempt from taxation under the Use Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 439.1 *et seq.*).

We affirm.

Following administrative hearings in November and December 1986, the Illinois Department of Revenue (Department) rendered a determination of tax liability under the Use Tax Act (Act) (Ill. Rev. Stat. 1985, ch. 120, par. 439.1 *et seq.*) against Wesko Plating, Incorporated (Wesko), an Illinois corporation now known as Gatto Industrial · Platers, Incorporated. The tax liability was assessed for the period from July 1981 through January 1985 and was based on Wesko's use of

chemicals in its electroplating process as well as in a system for eliminating resulting pollutants.

▆▆ Wesko sought administrative review in the circuit court (Ill. Rev. Stat. 1985, ch. 120, pars. 439.12, 451) from the Department's determination as to both aspects of tax liability. Regarding the determination of tax liability for chemicals used in its system for eliminating pollutants, Wesko asserted it was exempt under section 2a of the Act, pertaining to pollution control facilities as defined therein. (Ill. Rev. Stat. 1985, ch. 120, par. 439.2a.) Section 2a exempts from use taxation the purchase or employment of "any system, method, construction, device or appliance appurtenant thereto" which is primarily intended to eliminate, prevent, or reduce air or water pollution. Ill. Rev. Stat. 1985, ch. 120, par. 439.2a.

The circuit court affirmed the Department's decision to tax Wesko's use of chemicals in its electroplating process but reversed the determination to tax Wesko's use of chemicals in its system for reducing pollutants. Wesko then tendered, and the Department accepted, payment of $9,416.50 in satisfaction of that part of the circuit court's decision which affirmed the taxation of chemicals used by Wesko in its electroplating process.

The Department filed a timely notice of appeal seeking review of that portion of the circuit court's order reversing the taxation of chemicals used by Wesko in its system for eliminating pollutants.

In turn, Wesko moved to dismiss the Department's appeal. Wesko asserted that, by accepting payment of the tax liability pertaining to its use of chemicals in its electroplating process, the Department accepted a benefit of the judgment precluding challenge to that part of the order unfavorable to it. We took that motion with the case and now deny it.

▆▆ The Department did not deprive itself of the opportunity to challenge the reversal of the tax liability determination pertaining to Wesko's use of chemicals in its system for eliminating pollutants by appealing only from that determination after accepting payment for the tax liability arising from Wesko's use of chemicals in its electroplating process. Supreme Court Rule 303(c)(2) permits appeal from portions of judgments or orders, when such portions are severable, on the basis that independent matters are the subject of consideration. (134 Ill. 2d R. 303(c)(2); see *In re Marriage of Betts* (1989), 190 Ill. App. 3d 961, 547 N.E.2d 686.) As the circuit court specifically recognized in its lengthy memorandum judgment, the Department resolved two separate and independent issues of use tax liability and both determinations were before the court in the administrative review pro-

ceeding. The determination regarding whether use of chemicals in the electroplating process was subject to use taxation was entirely different from whether use of chemicals in the system for eliminating pollutants was exempt from taxation under section 2a of the Act. Indicative of the severability of the issues, the Department's determination of use tax liability specifically identified, through invoices, which chemicals were used in the electroplating process and which were used in Wesko's pollution control system. The determinations as to the two uses of chemicals were therefore capable of separate challenge on appeal.

It was the Department's contention in the circuit court, and is its position here, that the exemption for pollution control facilities is unavailable to Wesko under Rule 130.335 of the Illinois Administrative Code (86 Ill. Adm. Code §130.335 (1985) (Rule 130.335)), which the Department promulgated as a guide to interpreting section 2a. (See *Columbia Quarry Co. v. Department of Revenue* (1987), 154 Ill. App. 3d 129, 506 N.E.2d 795, *appeal denied* (1987), 116 Ill. 2d 549, 515 N.E.2d 104; see also *Du-Mont Ventilation Co. v. Department of Revenue* (1978), 73 Ill. 2d 243, 383 N.E.2d 197; see also Ill. Rev. Stat. 1985, ch. 120, pars. 439.12, 451.) Rule 130.335 provides, in pertinent part:

> "[The exemption contained in section 2a of the Act] includes not only the pollution control equipment itself, but also replacement parts therefor, but does not extend to chemicals used in any such equipment, to fuel used in operating any such equipment nor to any other tangible personal property which may be used in some way in connection with such equipment, but which is not made a physical component part of the equipment itself." (86 Ill. Adm. Code §130.335(a) (1985).)

(See Ill. Rev. Stat. 1985, ch. 120, pars. 439.12, 451.) The circuit court found Rule 130.335 to be inconsistent with the language of section 2a of the Act, concluding, correctly, that elimination of the exemption because chemicals were employed in Wesko's system effectively precluded the system from being considered as a pollution control facility by the very means by which the system operated.

■ Generally, an administrative agency may develop guidelines to aid in statutory interpretation by promulgating rules of construction so long as they are not clearly erroneous, arbitrary, or unreasonable. (*Illinois Federation of Teachers v. Board of Trustees* (1989), 191 Ill. App. 3d 769, 548 N.E.2d 64, *appeal denied* (1990), 131 Ill. 2d 559, 553 N.E.2d 396.) Specifically, however, an administrative agency cannot thereby extend its authority (*Du-Mont Ventilation Co. v. Department*

*of Revenue* (1978), 73 Ill. 2d 243, 383 N.E.2d 197) or impose a limitation on a statute that the legislature did not prescribe (*Grey Panthers v. Department of Insurance* (1982), 110 Ill. App. 3d 971, 443 N.E.2d 615).

Rule 130.335 imposes a limitation on the statute not intended by the General Assembly as evidenced by the language of section 2a of the Act. The intended scope of section 2a must be assessed in light of the ordinary meaning of the terms contained therein. (See *Edward Don & Co. v. Zagel* (1981), 95 Ill. App. 3d 589, 420 N.E.2d 501.) The exemption provided is applicable to any "method" or "system." (Ill. Rev. Stat. 1985, ch. 120, par 439.2a.) The term "method" is synonymous with the term "system." (Webster's Third New International Dictionary 1422-23 (1986).) The common dictionary definitions of both terms incorporate the concept of an integrated process, a whole created by the interrelationship of component parts. (Webster's Third New International Dictionary 2322 (1986).) The inclusion of those broad terms precludes a construction of section 2a limiting its application based on the type or nature of the component part.

Wesko's system was described by its president as a "series of tanks and pumps and pH control meters" used to stem the discharge of pollutants into Chicago's sewer system. The system operated to eliminate pollutants only through chemical reactions caused by the introduction of chemicals into tanks containing pollutant substances. Those chemicals included sodium hypochlorite, sodium hydroxide, hydrochloric acid, and nitric acid. By precluding application of the exemption to systems, such as Wesko's, where chemicals are the integral components for eliminating pollutants, the rule imposes an improper limitation on the terms "method" and "system." That constraint is contrary to the purpose of section 2a to encourage efforts to control pollution by providing a tax exemption for the employment of pollution control facilities. See *Illinois Cereal Mills, Inc. v. Department of Revenue* (1976), 37 Ill. App. 3d 379, 346 N.E.2d 69.

Both Wesko and the Department have directed attention to *Columbia Quarry Co. v. Department of Revenue* (1987), 154 Ill. App. 3d 129, 506 N.E.2d 795, *appeal denied* (1987), 116 Ill. 2d 549, 515 N.E.2d 104, the only case, to date, involving the particular provision of Rule 130.335 implicated here. In *Columbia Quarry*, the appellate court considered whether limestone used by Central Illinois Light Company (CILCO) in a system intended to reduce air pollution constituted the use of a chemical under Rule 130.335. Ground to a fine powder, the limestone was mixed with water. The mixture was introduced into a chamber where it reacted with flue gas to remove sulfur diox-

ide. In the process, calcium sulfate, a waste product, was formed. The clean flue gas was then released into the atmosphere.

In concluding that the exemption provided by section 2a was available to CILCO and was not precluded because of Rule 130.335, the court focused on whether the limestone was utilized as a chemical additive. (*Columbia Quarry*, 154 Ill. App. 3d at 131-32, 506 N.E.2d at 54.) The court determined that the limestone was not merely a chemical additive but was an integral part of CILCO's system, functioning as a filter to absorb pollutants. (*Columbia Quarry*, 154 Ill. App. 3d at 132-33, 506 N.E.2d at 54-55.) Acknowledging the limestone chemically reacted, initially, with water and, later, in the form of the resulting mixture, with sulfur dioxide, the court nevertheless determined those properties did not render the limestone merely a chemical additive as was contemplated by Rule 130.335. *Columbia Quarry*, 154 Ill. App. 3d at 131-32, 506 N.E.2d at 54.

■ We agree with the result of *Columbia Quarry* but do not find any reason to conclude Rule 130.335 may be consistent in scope with section 2a depending on whether a substance is employed in a pollution control facility as a chemical additive or in the nature of a mechanical component. There is no material difference between the use of the limestone mixture in *Columbia Quarry* and the use of any chemical for its particular properties by which that chemical directly acts to reduce or eliminate air or water pollution in a method or system, such as Wesko's, intended primarily for that purpose. For that reason, and because Rule 130.335 imposes an improper limitation on the scope of the exemption contained in section 2a of the Act, we conclude that the court's careful reconciliation of those provisions in *Columbia Quarry* was not essential to its determination.

Based on the above reasons, we affirm the circuit court's determination that Wesko is exempt from use tax liability for the use of chemicals in its pollution control facility, finding that that determination was not against the manifest weight of the evidence. See *Central Illinois Public Service Co. v. Department of Revenue* (1987), 158 Ill. App. 3d 763, 51 N.E.2d 222, *appeal denied* (1987), 116 Ill. 2d 549, 515 N.E.2d 102.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.