PEERLESS WHOLESALE LIQUORS, INC., Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees (NWS, Inc., *et al.*, Intervenors-Appellees).

First District (3rd Division)   No. 1—96—4188

Opinion filed April 29, 1998.

B. Franco Laterza and Lucila O. Espedido, both of Laterza & Heilizer, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John R. Stanton, Anne T. Treonis, and Karen J. Dimond, Assistant Attorneys General, of counsel), for appellee Illinois Liquor Control Commission.

Herman G. Bodewes and Stephan J. Roth, both of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee Associated Beer Distributors of Illinois.

Siegel, Moses & Schoenstadt, of Chicago, for other appellees.

JUSTICE CAHILL delivered the opinion of the court:

Section 6—9 of the Illinois Liquor Control Act of 1934 (235 ILCS 5/6—9 (West 1996)) (the Act) is not an easy statute to wander through without getting lost. It establishes registration requirements and a scheme for the geographical restriction of wholesale liquor sales in Illinois, pauses to carve out an exception on those restrictions for certain wholesalers who were in business before 1979 (a grandfather clause), and then resumes with more restrictions. The issue before us is the impact of the final restriction on the grandfathered wholesalers. The Illinois Liquor Control Commission (Commission) concluded that the restriction applied. The trial court agreed, but not without a struggle. We conclude that the restriction imposed on the grandfathered wholesalers by the Commission and the trial court cannot survive a plain reading of the statute. We reverse.

Section 6—9 reads in part:

"The legislature hereby finds and declares that *** it is necessary to restrict the purchase of alcoholic liquors at wholesale *** to those persons selected by the manufacturer, distributor, importing distributor or foreign importer who owns or controls the trade mark, brand or name of the alcoholic products sold to such persons, and to restrict the geographic area or areas within which such persons sell such alcoholic liquor at wholesale ***.

Each manufacturer, non-resident dealer, distributor, importing distributor, or foreign importer who owns or controls the trade mark, brand or name of any alcoholic liquor shall register with the State Commission *** the name of each person to whom such manufacturer, non-resident dealer, distributor, importing distributor, or foreign importer grants *the right* to sell at wholesale in this State any such alcoholic liquor, specifying the particular trade mark, brand or name of alcoholic liquor as to which *such right* is

granted, the geographic area or areas for which *such right* is granted and the period of time for which *such rights* are granted to such person. \*\*\* [O]nly those persons registered by the manufacturer, non-resident dealer, distributor, importing distributor or foreign importer, shall have *the right* to sell at wholesale in this State, the brand of alcoholic liquor specified on the registration form.

However, a licensed Illinois distributor who has not been registered to sell a brand of alcoholic liquor, but for a period of 2 years prior to November 8, 1979 has been engaged in the purchase of a brand for resale from a licensed Illinois distributor who has *the right* to sell that brand at wholesale, may continue to purchase and resell the brand at wholesale \*\*\*, provided that:

\* \* \*

(3) His licensed business address is within the geographical area for which the licensed Illinois distributor from whom the purchases are made has *the right* to sell said brand or brands of alcoholic liquor; and

(4) His sales are made within the geographical area for which the licensed Illinois distributor from whom the purchases are made has *the right* to sell the brand or brands of alcoholic liquor.

No person to whom *such right* is granted shall sell at wholesale in this State any alcoholic liquor bearing such trade mark, brand or name outside of the geographical area for which such person holds such selling *right*, as registered with the State Commission, nor shall he sell such alcoholic liquor within such geographical area to a retail licensee if the premises specified in such retailer's license are located outside such geographical area." (Emphasis added.) 235 ILCS 5/6—9 (West 1996).

Peerless Wholesale Liquors, Inc., the plaintiff, was not granted rights to sell liquor at wholesale by a manufacturer, nonresident dealer, distributor, importing distributor, or foreign importer. Peerless' authority to distribute liquor stems from the grandfather clause in the third paragraph of section 6—9.

In June 1993, the Commission cited Peerless for selling liquor to retailers outside its master distributor's territory in violation of section 6—9. A hearing was held before the Commission. The Associated Beer Distributors of Illinois (ABDI), a trade association of beer distributors in Illinois, was allowed to intervene in the proceedings.

The Commission presented documentation that, in 1991, Miller Brewing Company gave the right to sell Miller products, within a certain geographic area, to Zema Systems Corporation. The evidence before the Commission established that Peerless purchased liquor from Zema, that Peerless sold that liquor to retailers located outside

Zema's geographical area, but that the sales were made at Peerless' place of business within Zema's geographical area.

After the hearing, the Commission found Peerless in violation of section 6—9 and imposed a $5,000 fine. Peerless' petition for rehearing was denied.

Peerless filed a petition for administrative review before the circuit court. After oral arguments on the petition, the circuit court reversed the Commission's decision. But the circuit court granted motions to reconsider and then affirmed the Commission's decision. The court reasoned that the legislature could not have intended to give subdistributors different territorial restrictions than master distributors.

Peerless raises six issues on appeal, but our disposition requires that we address only the first: that the Commission and circuit court erred in finding that the fourth paragraph of section 6—9 applies to Peerless.

■ We review an agency's interpretation of a statute *de novo*. *Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board*, 247 Ill. App. 3d 337, 344, 617 N.E.2d 269 (1993). When an administrative agency is charged with administering a statute, its interpretation is entitled to substantial deference by a reviewing court. This deference is appropriate because the agency can apply its unique experience and expertise to its interpretation. *Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n*, 95 Ill. 2d 142, 152-53, 447 N.E.2d 295 (1983). But we are not bound by an agency's interpretation of a statute. *Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 214, 632 N.E.2d 1035 (1994). And " '[w]here the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature.' " *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91, 606 N.E.2d 1111 (1992), quoting *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84, 256 N.E.2d 758 (1970).

■ We are persuaded by the unambiguous language of the statute that territorial restrictions in the fourth paragraph do not apply to Peerless. The fourth paragraph mandates that "[n]o person to whom such right is granted shall sell *** such alcoholic liquor within [the master distributor's] geographical area to a retail licensee if the premises specified in such retailer's license are located outside such geographical area." 235 ILCS 5/6—9 (West 1996). "Such right" must refer back to the only rights mentioned in section 6—9: the rights given by a manufacturer, nonresident dealer, distributor, importing distributor, or foreign importer to a person to sell its liquor products wholesale. Peerless was never granted "such right."

The Commission contends that the fourth paragraph of section 6—9 applies to Peerless because the "right" referred to is the "right to resell at wholesale granted by the grandfather clause to subdistributors, in addition to referring to the 'right' to sell at wholesale granted to master distributors." The Commissioner's argument would be persuasive if the word "right" appeared in the grandfather clause other than in reference to the "rights" of master distributors. It does not. On the contrary, the authority for Peerless to remain in business granted by the paragraph is in derogation of the "right" enjoyed by those to whom the paragraph generally applies. That is usually the purpose of a grandfather clause.

The Commission further argues that the first paragraph of section 6—9 reflects "the legislature's intent to restrict the geographic distribution areas of all distributors." But the first paragraph reads in part that "it is necessary to restrict the purchase of alcoholic liquors at wholesale *** to *those persons selected* by the manufacturer, distributor, importing distributor or foreign importer who *owns* or *controls* the trade mark, brand or name of the alcoholic liquor products sold to *such persons,* and to restrict the geographic area or areas within which *such persons* sell *** liquor at wholesale ***." (Emphasis added.) 235 ILCS 5/6—9 (West 1996).

The language limits geographical areas of master distributors. Even if we read this section as declaring a policy of territorial restrictions on distributors, we cannot assume that the legislature intended that the "such rights" language later invoked also applied the same restrictions on subdistributors.

The statute does require that a subdistributor's "business address [be] within the geographical area for which the [master distributor] from whom the purchases are made has the right to sell [the liquor]," and that its "sales [be] made within [that] geographical area." 235 ILCS 5/6—9(3), (4) (West 1996). Had the legislature intended to prohibit the sale of liquor by subdistributors to retailers whose business addresses are outside the master distributor's territory, it could have said so.

We reject the Commission's contention that we should defer to the Commission's interpretation of the statute on this issue. The interpretation of the words "person to whom such right is granted" does not require an expertise peculiar to the Commission. It does not require a specialized knowledge of the liquor industry or a probe into legislative intent. Where the language of a statute is clear, we need not look further to determine the legislative intent. See *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820 (1994).

The Commission argues that when we construe the statute, we must consider consequences that may result from each construction and "should select the construction which leads to a logical result." See *Quick v. Quick*, 213 Ill. App. 3d 97, 100, 571 N.E.2d 1206 (1991). The Commission maintains that reading the statute to allow Peerless to sell liquor to retailers outside its master distributor's area places Peerless in a position superior to other distributors in the state. The Commission overlooks the grandfather clause. Peerless and subdistributors similarly situated are already exempt from the most comprehensive restriction of the statute: that they be chosen and registered by the brand owner.

The Commission also suggests that master distributors could use Peerless as a "shell or conduit through which it could sell to every retailer in the state." This is a loophole argument that would carry weight if the statute were ambiguous and we were required to divine legislative intent.

If the Commission is right about the consequences of giving subdistributors different territorial restrictions, it is the responsibility of the legislature to amend the statute and the duty of the Commission to make its concerns known to the legislature. We do not have the authority to rewrite it. *Tavern Liquor Supply Co. v. Illinois Liquor Control Comm'n*, 71 Ill. App. 3d 1008, 1012, 390 N.E.2d 337 (1978).

The Commission finally argues that its decision should be upheld because Peerless was found in violation of the Commission's administrative rule 100.60. 11 Ill. Adm. Code § 100.60 (1996). Rule 100.60 requires those who own or control trademarks, brands or names of alcoholic liquor sold in Illinois to register the names of persons to whom they grant the right to distribute liquor at wholesale. The rule further restricts a retailer from buying liquor "from any distributor not having distributing rights in the geographical area in which the place of business of such retailer is situated." 11 Ill. Adm. Code § 100.60(d) (1996).

Administrative rules cannot be read to limit or extend the scope of a statute. *Du-Mont Ventilating Co. v. Department of Revenue*, 73 Ill. 2d 243, 247-48, 383 N.E.2d 197 (1978); *Wesko Plating, Inc. v. Department of Revenue*, 222 Ill. App. 3d 422, 425-26, 584 N.E.2d 162 (1991).

Reversed.

GORDON and COUSINS, JJ., concur.