ROBERT ARNOLD *et al.*, Plaintiffs-Appellants, v. FRED J. ENGELBRECHT, Chief of Police, The Village of Elk Grove Village, Defendant-Appellee.

First District (5th Division)   No. 86—2308

Opinion filed December 4, 1987.

Law Offices of Terry Sullivan, Ltd., of Rolling Meadows (Nancy J. Nicol, of counsel), for appellants.

Ronald G. Zamarin and Elaine G. Fishman, both of Isham, Lincoln & Beale, of Chicago, and George B. Knickerbocker, of Samelson, Knickerbocker & Associates, of Des Plaines, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiffs Robert Arnold, Charles Schaeffer and Larry Nagel, police officers of the Elk Grove Village police department, from an order of the circuit court of Cook County dismissing their complaint for an injunction against defendant, Fred J. Engelbrecht, chief of police of the Elk Grove police department, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). On appeal, plaintiffs argue that (1) defendant's actions are subject to review by the courts if the actions demonstrate a lack of good faith and an abuse of discretion, (2) they have a cognizable property right to have their conduct evaluated in accordance with police department rules and State law, and (3) their complaint presents a claim of irreparable harm and lack of an adequate remedy at law which would entitle them to injunctive relief. For the reasons set forth below, we affirm.

On June 27 and August 7, 1985, defendant filed complaints against plaintiffs with the Elk Grove Village Board of Fire and Police Commissioners (the Board) alleging that plaintiffs Schaeffer and Nagel (patrolmen) committed a battery and other deliberate acts of mistreatment against an individual during the course of his arrest for a traffic violation and that plaintiff Arnold (a sergeant) failed to report this episode and that he was otherwise incompetent and ineffective in the performance of his duty. The Board conducted a hearing on defendant's complaint, found in favor of plaintiffs, and dismissed the complaint and ordered that plaintiffs be reinstated to their positions.

On February 8, 1986, plaintiffs filed a complaint in the circuit court of Cook County. They stated that when they returned to duty after being cleared by the Board, defendant advised them that he did not agree with the Board's decision, *i.e.*, he had concluded that the incident involved use of excessive force. They alleged that defendant altered their performance ratings by reducing them to a "Performance Far Below Standard" rating and that he cited in support thereof the incident which was the basis of the 1985 Board hearing (*i.e.*, "The incident for which the charges are brought are of such a nature so as to adversely impact the officer's rating in specific categories relating to the incident and information gained during subsequent investigation of same"). Specifically, defendant changed five of nine scores on Schaeffer's evaluation, four of the nine scores on Nagel's evaluation (both previously prepared by their supervisors), and completed Arnold's evaluation entirely. The categories changed by defendant with respect to Schaeffer and Nagel concerned interacting and communicating with the public and decision making and problem solving. On Arnold's review sheet, defendant noted that Arnold "not only failed to assume supervisory control but condoned and participated in the subordinate's actions."

Plaintiffs' complaint further charged that defendant's actions were retaliatory, malicious and not reflective of their performance and that the scores would detrimentally affect their reputations, careers, and future raises and promotions with the Elk Grove Village police department. In response, defendant asserted that the evaluations made by him were done *prior* to the Board's ruling on his complaint and were not altered *after* the ruling in retaliation because he disagreed with the Board.

Defendant subsequently moved to dismiss plaintiffs' complaint under section 2—615 of the Code of Civil Procedure as being substantially insufficient in law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) On August 5, 1985, the trial court granted defendant's motion to dismiss,

specifically finding: (1) that the actions complained of were discretionary and not subject to judicial review; (2) that plaintiffs had no legally cognizable property rights; and (3) that plaintiffs did not present a claim of irreparable harm or lack of an adequate remedy at law which would entitle them to relief. This appeal followed.

Normally, discretionary acts of a public official in exercising his duties are not subject to review by the judiciary in an injunction action. An exception to this rule arises in a case when the public official's acts are arbitrary and capricious and he thus abuses his discretion. (*Rocke v. County of Cook* (1978), 60 Ill. App. 3d 874, 377 N.E.2d 287.) Additionally, injunctive relief will lie to control discretionary actions of public officials if fraud, corruption or gross injustice is shown. *Houseknecht v. Zagel* (1983), 112 Ill. App. 3d 284, 445 N.E.2d 402.

Here, we first find that the trial court correctly ruled that it lacked jurisdiction to review defendant's alleged arbitrary, capricious or unjust actions in changing plaintiffs' performance ratings based on its finding that defendant's actions were of a discretionary nature. The record discloses that although defendant based his evaluations of plaintiffs upon the incident giving rise to the filing of his complaints with the Board, he did so *before* the Board's ruling and the evaluations were also based in part on other general information obtained by him in his investigation which appears to be independent of the incident. Specifically, defendant discovered that Schaeffer and Nagel had poor working relationships with other department officers who disapproved of Schaeffer's and Nagel's actions and attitudes toward the citizens of Elk Grove. Schaeffer's immediate supervisor noted that he "should address the potential problem situation in his relationships with his peers which have begun to show a decrease in understanding and in work organization as relating to the traffic violator contact." Nagel's immediate supervisor noted that his relationship with his peers had deteriorated. Defendant's evaluation of Arnold was based in part on his failure to recognize the loss of morale of the police officers under his command; he was not aware of the dissension that Schaeffer and Nagel were creating among other department employees.

■ In light of the above, we therefore cannot say that such evaluations were done in retaliation of the Board's ruling or that the additional information and defendant's evaluation of it was anything other than an exercise of his discretion and personal judgment; defendant merely opted to let his overall judgment stand, apparently based on standards consistent with those generally applied in evaluating officers within his area of expertise and different from the standards

used by the Board in determining whether plaintiffs were guilty of any wrongdoing concerning the 1985 incident. (See *Trustees of Schools v. School Directors of District No. 2* (1901), 190 Ill. 390, 60 N.E. 531 (courts have no supervisory powers to correct errors of judgment that may be committed during the exercise of discretionary acts of public officials).) Additionally, the fact that defendant based his evaluations in part on the 1985 incident, which he clearly stated on the evaluation documents, and the fact that plaintiffs were acquitted of any possible wrongdoing, would both be part of plaintiffs' records and speak for themselves to any party reviewing them. Defendant's evaluation/judgment/opinion, therefore, would be considered as simply his judgment and opinion in light of all surrounding circumstances (*i.e.*, the 1985 incident, plaintiffs' acquittal of any wrongdoing, and other independent information concerning plaintiffs' performance). Accordingly, we find that defendant's evaluations were discretionary and do not rise to the level of a showing of "lack of good faith or an abuse of discretion"; the facts reveal that defendant's acts were nothing more than an evaluation of plaintiffs' job performance based on his personal opinion and judgment and that plaintiffs failed to sufficiently allege that defendant acted with "oppression and gross injustice." See *Phillips v. Hall* (1983), 113 Ill. App. 3d 409, 447 N.E.2d 418.

■ We further find that the trial court correctly ruled that plaintiffs had no legally cognizable property rights and that they failed to present a claim of irreparable harm and lack of an adequate remedy at law which would entitle them to relief. We first observe that plaintiffs have no constitutional right to employment or property interest in the continuation of any specific rate or method of compensation (see *Scutt v. La Salle County Board* (1981), 97 Ill. App. 3d 181, 423 N.E.2d 213), *i.e.*, a right in future raises and promotions. Secondly, although plaintiffs claim that they have a legally protectable right to have their conduct evaluated in accordance with the rules and customs of the police department and that defendant drafted their reviews "in direct disregard of Department Rules," plaintiffs fail to point to any rule to support this claim. In fact, pursuant to Rule 7.5 of the Personnel Rules and Regulations of Elk Grove Village (adopted by Resolution No. 79—84), the department head, here defendant, specifically is required to participate in the annual evaluation of employees and make a recommendation to the village president and board of trustees. Although employees' supervisors also are to participate in the evaluation process, plaintiffs fail to cite to any village personnel rule forbidding evaluation by a department head alone, as in Arnold's

case. Furthermore, as noted previously, defendant's review of plaintiffs' performance covers the entire spectrum of their job functions and duties, not merely those things related to the Board proceeding and, therefore, defendant was acting within the scope of his authority. Lastly, since we have determined that defendant's actions in evaluating plaintiffs were not oppressive or unjust, we do not address plaintiffs' "double jeopardy" argument since they were not "punished" as a result of the Board proceeding or by defendant after the proceeding.

■ With respect to the denial of plaintiffs' request for injunctive relief, it is well settled that in order to obtain such relief, a plaintiff must establish that (1) he possesses a clear ascertainable right which needs protection, (2) he will suffer irreparable harm without the issuance of an injunction, (3) there is no adequate remedy at law for his injury, and (4) he is likely to succeed on the merits of his action. Additionally, the court must conclude that the grant of temporary relief outweighs any possible injury that the defendant might suffer by its issuance. *Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 422 N.E.2d 953.

■ We find that plaintiffs failed to establish the foregoing criteria. As mentioned above, plaintiffs failed to establish a protectable property right and, accordingly, their complaint fails to demonstrate that they are likely to succeed on the merits. Additionally, we observe that plaintiffs have failed to support any claim of injury or that injury is imminent; plaintiffs merely allege they will suffer injury in the future with respect to their reputations, careers, and future raises and promotions. Where a feared injury is prospective in nature, it is neither severe nor immediate. (See *Glen Ellyn Savings & Loan Association v. Tsoumas* (1976), 41 Ill. App. 3d 292, 354 N.E.2d 53.) We further observe that "[i]t is a fundamental principle of equity that to entitle one to permanent injunctive relief he must establish actual and substantial injury and not merely technical, inconsequential, or *speculative* damage; *and that such relief will not be granted to allay unfounded fears or misapprehensions.*" (Emphasis added.) (*Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 166, 139 N.E.2d 227.) We cannot agree with plaintiffs' speculation as to future injury in light of the fact that, as previously noted, their records will reflect their acquittal of any wrongdoing and, thus, reflect that their low rating scores were based in part on defendant's opinion in contravention of the Board's ruling, which defendant apparently refused to change notwithstanding plaintiffs' acquittal. We also note that generally plaintiffs' remedy for any injury would be suit for back pay and damages.

Here, however, plaintiffs would not have an adequate remedy at law solely because they have suffered no injury; as discussed above, plaintiffs' injuries are speculative.

■ Finally, defendant would be unduly injured by entry of injunctive relief prohibiting him "from interfering with or exercising undue influence over plaintiffs' respective supervisors when they complete new Performance Achievement Progress Review Sheet(s) *** for *** all future rating periods" because it would prevent him from being involved in the activities of his subordinates and prohibit him from exercising control over the day to day activities of the department which have been delegated to him by law. Additionally, injunctive relief would be inappropriate because it would require the court to exercise continuous supervision over the department, an impractical, if not impossible, form of relief. See *Kurle v. Evangelical Hospital Association* (1980), 89 Ill. App. 3d 45, 411 N.E.2d 326.

In light of the foregoing, we therefore affirm the judgment of the circuit court of Cook County dismissing plaintiffs' complaint.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.