ILLINOIS FEDERATION OF TEACHERS, Plaintiff-Appellee, v. BOARD OF TRUSTEES, Teachers' Retirement System of the State of Illinois, Defendant-Appellant.

Fourth District No. 4—89—0482

Opinion filed December 5, 1989.—Rehearing denied January 18, 1990.

Gregory J. Malovance and William G. Miossi, both of Winston & Strawn, of Chicago, for appellant.

Gilbert A. Cornfield and Gail E. Mrozowski, both of Cornfield & Feldman, of Chicago, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

On October 13, 1988, the plaintiff Illinois Federation of Teachers (IFT) filed a complaint in the circuit court of Sangamon County against the defendant Teachers' Retirement System of the State of Illinois (TRS). The complaint generally alleged the defendant was improperly attempting to collect retirement fund contributions on the basis of certain noncash benefits provided to teachers as part of their compensation plan. The plaintiff asked the court to declare such benefits did not constitute salary under the applicable statutes and the defendant was not entitled to seek contribution on the basis of these benefits. The complaint also sought temporary and permanent injunctions against the defendant to prevent it from collecting the contributions.

At the motion hearing, evidence tending to show the following was adduced: In the summer of 1987, the defendant implemented procedures to improve the accuracy of employers' reporting of benefits and salaries. As part of this program, each school district was required to submit an annual "compliance questionnaire" providing detailed information about the elements of teacher compensation and the contributions made to the retirement fund. As a result of this questionnaire, defendant discovered a number of school districts which had not been paying contributions to the retirement fund on tax-deferred annuities provided to teachers as part of their compensation plan. In particular, the defendant identified the Special Education

District of Lake County (SEDOL) as one district not making contributions. SEDOL had a flexible benefit plan offering employees a choice of either a tax-deferred annuity or health insurance benefits. The defendant notified SEDOL that tax-sheltered annuities were considered to be creditable earnings under its interpretation of the term salary and contributions had to be made on the cash value of those benefits.

On April 28, 1989, the court granted a preliminary injunction against the defendant. The court found the defendant's decision to collect contributions on the basis of tax-deferred annuities represented a change of policy which the defendant was attempting enforce retroactively. It found refusal to grant the injunction would create financial difficulties for school districts and teachers which would interfere in the collective-bargaining process. It determined the injunction would diminish the benefits available to current retirees under the system and pose a risk of lost income to the system represented by lost contributions. Balancing these equities, the court found they favored the plaintiff and granted the injunction. On June 2, 1989, the court's written order was filed. On June 9, 1989, the defendant filed a notice of appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)).

■■ ■ Normally a court faced with a request for temporary injunctive relief must first consider whether the plaintiff will sustain irreparable harm by waiting for a decision on the merits. If there is an adequate legal or equitable remedy which will make the plaintiff whole after the trial, a preliminary injunction should not issue. In considering whether to issue an injunction, the court should consider the possibility of irreparable harm to the plaintiff's legal rights if the injunction does not issue, potential irreparable harm to the defendant if it does, and plaintiff's likelihood of success on the merits. (*Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 508 N.E.2d 1053.) Preliminary injunctions are an extraordinary remedy, the use of which is applicable only to situations where extreme emergencies exist and serious harm would result in the absence of an injunction. (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 483 N.E.2d 1271.) The decision to grant or deny preliminary injunctive relief rests with the discretion of the trial court, and because its findings may not be disturbed absent a showing of abuse, the role of the reviewing court is limited to determination of whether those findings were contrary to the manifest weight of the evidence. *Lee/O'Keefe Insurance Agency, Inc. v. Ferega* (1987), 163 Ill. App. 3d 997, 516 N.E.2d 1313.

■■■■ However, the defendant here is an agency of the State. Injunctive relief will not be granted against public officials with respect to their official acts unless such acts are either outside their authority or unlawful. (*Lindsey v. Board of Education of the City of Chicago* (1984), 127 Ill. App. 3d 413, 468 N.E.2d 1019.) Normally, discretionary acts of public officials carrying out their duties are not subject to review by the judiciary in injunction actions. An exception to this rule arises in cases where the public official's acts are arbitrary and capricious and he thus abuses his discretion or if fraud, corruption, or gross injustice underlying the discretionary act is shown. (*Arnold v. Engelbrecht* (1987), 164 Ill. App. 3d 704, 518 N.E.2d 237.) Both parties here agree the fundamental issue to be decided on appeal is whether the acts of the defendant were unlawful or beyond its statutory authority.

■■ Section 16—121 of the Illinois Pension Code defines salary as the actual compensation received by a teacher during any school year and recognized by the system in accordance with rules of the Board. (Ill. Rev. Stat. 1987, ch. 108½, par. 16—121.) Plaintiff argues the contribution sought by the defendant was never sanctioned by a formally promulgated rule and any attempt to seek a contribution from teachers is outside the authority of the defendant. Plaintiff maintains the guides and policies published by the defendant are not general rules which are enforceable. Specifically, it notes the list of creditable earnings which include tax-sheltered annuities in various publications of the defendant does not constitute an enforceable rule.

■■ The contributions sought by the defendant were not outside its authority because a formerly promulgated rule does exist. Section 1650.450 of the Illinois Administrative Code provides that tax-sheltered annuities are to be included in the salary reported to the defendant. The definition contains no qualifying language nor does it require a cash option be available for the benefit to be included as salary. The rule became effective on December 17, 1985. 80 Ill. Adm. Code §1650.450 (Supp. 1986).

In granting the preliminary injunction, the trial court relied on defendant's April 1988 Employer Bulletin. The bulletin states that tax-sheltered annuities which are offered in lieu of cash have always been considered as a part of salary. It goes on to state: "As of July 1, 1988, all contributions to flexible benefit plans which have a cash option, or an option such as a tax-sheltered annuity which would qualify as salary under Board Rule 1650.450, will be considered TRS creditable earnings." While the court considered this to represent a change in policy, it is clear that as of December 17, 1985, there was an effec-

tive rule which required the reporting of any tax-sheltered annuity. In fact, the bulletin is merely restating an existing requirement. Rule 1650.450 clearly requires the reporting of any tax-sheltered annuity as a part of salary on which contributions to the system are to be based. For this reason, any contribution sought for salary earned after December 17, 1985, was clearly not outside the defendant's lawful authority.

The question then arises as to whether contributions sought for the period prior to December 17, 1985, are outside the legal authority of the defendant. In making decisions and determinations, agencies have authority to construe statutory provisions. (*Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 520 N.E.2d 46.) An administrative agency has authority to construe statutory provisions and to develop guidelines in aid of such interpretations. Such constructions are entitled to deference by the courts unless clearly erroneous, arbitrary, or unreasonable. *Winnetkans Interested in Protecting the Environment (WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 370 N.E.2d 1176.

Where there is an express grant of authority there is likewise a clear and express grant of power to do all that is reasonably necessary to execute the power or perform duties specifically conferred by the enabling statute. (*City of Springfield v. Carter* (1989), 184 Ill. App. 3d 1, 540 N.E.2d 536.) This authority need not always be exercised through a process of formal rulemaking. We decline to adopt the plaintiff's reasoning which suggests every action which an administrative agency takes, not made subsequent to a formal rule, may be challenged as outside the legal authority of that agency. The purpose of administrative review is to handle disputes such as this in an orderly, equitable manner. The use of injunctive relief undermines this process and should be reserved for extreme situations where an agency has acted arbitrarily and capriciously or in a manner which is clearly inconsistent with the limits of its legal mandate. It is for this reason a plaintiff is required to show more than irreparable harm and a likelihood of success on the merits when he seeks to enjoin an agency of the State.

We do not find the instant case to be one where the injunctive powers of the court were properly invoked. The defendant has a statutory duty to collect contributions to the retirement fund based on the salary and benefits paid to teachers participating in the system. In order to do so effectively, it must have the power to determine what salary and benefits are creditable for the purposes of determining the contribution. We fail to see how the plaintiff could meet even

the minimal standards of showing threatened harm or irreparable damage much less the higher standard required here where the defendant is an agency of the State. For this reason the decision of the circuit court is reversed.

Reversed.

McCULLOUGH and STEIGMANN, JJ., concur.