**Marge KIELCZYNSKI, Plaintiff,**

v.

**VILLAGE OF LAGRANGE, ILLINOIS and Loren Clark, Defendants.**

No. 97 C 8129.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 8, 1998.

William Anthony MacKie, Richard J. Reimer, Sklodowski, Puchalski & Reimer, Chicago, IL, Mary Lane Mikva, Roberta A. Levinson, Abrahamson Vorachek & Mikva, Chicago, IL, for Plaintiff.

Patricia L. Argentati, Norton, Mancini, Argentati, Weiler & DeAno, Wheaton, IL, Christy J. Benton, Norton, Mancini, Argentati, Weiler & DeAno, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Plaintiff has brought this action against Defendants for gender discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983 and breach of due process in violation of 42 U.S.C. § 1983. Pending is Defendants' motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiff's First Amended Complaint or applicable portions thereof. For the reasons set forth below, this motion is granted in part and denied in part.

### FACTUAL BACKGROUND [1]

On January 16, 1981, Plaintiff Marge Kielczynski ("Kielczynski") was appointed to the position of police officer with Defendant Village of LaGrange's ("LaGrange") police department. Defendant Loren Clark ("Clark") is the current Chief of Police of LaGrange, Illinois and has served as Acting Chief or Chief since approximately 1995.

Kielcynski alleges that, from 1981 to the present, she has been subjected to numerous incidents of ongoing and continuing acts of sexual discrimination and retaliation, including: (1) being asked to do demeaning tasks that male employees were not asked to do, (2) refusing to provide necessary back up to protect Plaintiff in her work as a police officer, (3) failing to provide Plaintiff with necessary training to enable her to grow in her career, (4) reprimanding and disciplining Plaintiff more severely than male officers who engaged in the same or similar conduct, (5) reviewing Plaintiff's performance more critically than male officers were reviewed, (6) and taking actions to ensure that Plaintiff did not get promoted beyond patrol officer and was not able to advance in her career.

On or about March 9, 1996, Kielcynski submitted to a written Sergeant's promotional examination conducted by the Village of LaGrange Board of Fire and Police Commissioners. On April 22, 1996, Kielczynski submitted to an oral interview conducted by the Board of Fire and Police Commissioners. Kielczynski was informed that she had the highest scores after these two tests.

Thereafter, the Police supervisors, all males, including Clark, conducted individual evaluations of each Sergeant candidate, including Kielcynski, for purposes of awarding merit and efficiency points. According to Kielcynski, the supervisors deliberately awarded her low merit and efficiency scores in order to keep her from being one of the top three candidates on the Sergeant's Promotional Eligibility List.[2] On May 4, 1996, the Board of Fire and Police Commissioners posted the Police Sergeant's Eligibility Register. Kielcynski ranked number four. The top three candidates were males.

On October 3, 1996, Kielczynski filed a Charge of Discrimination against LaGrange with the Equal Employment Opportunity Commission, alleging that Defendants committed certain acts of discrimination against Kielczynski on the basis of her gender. Kielczynski alleges that the aforementioned acts of the Defendants were based upon

---

1. The court has taken these facts from the well-pleaded allegations contained in Plaintiff's Complaint which, for purposes of Defendant's motion to dismiss, are deemed true. *See, e.g., Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996).

2. The top three candidates on this list attain promotion to sergeant.

Kielczynski's sex and in retaliation for her having complained about sex discrimination.

Subsequently, as of approximately January of 1997, Kielczynski was admitted to the Executive Management Program at the Illinois State Training and Standards Board which is affiliated with Western Illinois University. Kielczynski intended to attend this program, which was to begin in March of 1997, on her own time, at no cost to La-Grange, in an effort to enhance her career and improve her promotion opportunities in law enforcement. Beginning in approximately January of 1997, and continuing thereafter, Kielczynski alleges that LaGrange and Clark interfered with Kielczynski's admission to this program in that Clark: (1) made a Freedom of Information Act request from the program to obtain Kielczynski's application, (2) made numerous telephone calls to the program, and (3) advised the program that Kielczynski was not a qualified candidate. As a result of these actions, in approximately February of 1997, Kielczynski's invitation to attend the program was withdrawn.

On November 21, 1997, Kielczynski filed her original complaint in this action. On May 4, 1998, this court granted leave for Kielczynski to file her Amended Complaint. Plaintiff's First Amended Complaint added Clark (in his official and/or personal capacity) as a defendant and added Counts III and IV (brought, as discussed below, under § 1983).

The first two counts of Plaintiff's four-count amended complaint are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and allege that La-Grange discriminated against Plaintiff on the basis of her sex by deliberately downgrading her evaluations for promotion and thereby denying her promotional opportunities and other terms and conditions of employment (Count I) and retaliated against her for filing Charges of Discrimination with the Equal Opportunity Employment Commission ("EEOC") (Count II). Counts III and IV are brought under Section 1983, 42 U.S.C. § 1983 and allege sex discrimination and retaliation (Count III) and violation of Plain-

tiff's due process rights (Count IV). Counts I and II are brought only against LaGrange and Counts III and IV are brought against both LaGrange and Clark, individually.

## STANDARDS FOR MOTION TO DISMISS

On a motion to dismiss, the court takes all of the well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See, e.g., Wilczynski v. Lumbermens Mut. Cas. Co.,* 93 F.3d 397, 401 (7th Cir.1996). A complaint will not be dismissed on a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *Id.*

## ANALYSIS

Defendants' motion to dismiss raises four arguments. First, Defendants argue this court should dismiss any and all allegations of conduct or incidents which did not occur within the relevant statute of limitations periods. Second, Defendants contend that allegations directed at the newly-named defendant, Clark, do not "relate back" to Plaintiff's original Complaint and, instead are time-barred. Third, Defendants argue that Plaintiff's § 1983 claims do not state a cause of action. Fourth, Defendants argue that Plaintiff's due process claim does not state a cause of action.[3]

## I. TIMELINESS.

Defendants initially argue that this court should dismiss any and all allegations of conduct or incidents which occurred outside the 300 day limitations period under Title VII and the two-year limitations period under § 1983.

## A. COUNT I.

■ In Count I, Plaintiff alleges that she was discriminatorily denied a promotional opportunity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et*

---

3. Defendants had additionally moved to dismissed Plaintiff's purported sexual harassment claims. In response, however, Plaintiff concedes

that she has not alleged sexual harassment. (*See* Pl. Resp. at 3–4.)

seq., when, on May 4, 1996, LaGrange posted the Police Sergeant's Eligibility Register on which Plaintiff was ranked fourth, behind three male candidates. Only the top three candidates were granted a promotion. In Illinois, the limitations period for a Title VII charge is 300 days in accordance with 42 U.S.C. § 2000e–5(e). This means that a charge must be filed within 300 days of the alleged unlawful employment practice. Plaintiff filed an EEOC charge on October 3, 1996, alleging sexual discrimination in her ranking on the May, 1996, Police Sergeant's Eligibility Register. The alleged discrimination is timely because it falls within 300 days of Plaintiff's EEOC charge filing. Thus, Plaintiff has set forth a timely violation of Title VII.

 At issue is whether any and all allegations of conduct or incidents which occurred outside of the 300–day period should be dismissed. In order to resolve this issue, it is first necessary to decide whether the conduct or incidents that occurred outside of the 300–day period constitute a "continuing violation." "The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period." Selan v. Kiley, 969 F.2d 560, 564 (7th Cir.1992). In Stewart v. CPC International, Inc., 679 F.2d 117 (7th Cir.1982), the court discussed three viable continuing violation theories or situations. The first stems from cases, usually involving hiring or promotion practices, where the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred. The second involves cases in which the employer has an express, openly espoused policy that is alleged to be discriminatory. The third arises from cases in which plaintiff charges that the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy. Id. at 120–121.

Under the third theory, which is the only one applicable to this case, the question is whether the defendant's acts were "related closely enough to constitute a continuing violation," or were "merely discrete, isolated and completed acts which must be regarded as individual violations." Selan v. Kiley, 969 F.2d 560, 565 (7th Cir.1992) quoting Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir.1983). The Seventh Circuit has expressly articulated the test for making this determination, as follows:

[w]hat justifies treating a series of separate violations as a continuing violation? Only that it would have been unreasonable to require the plaintiff to sue separately on each one. In a setting of alleged discrimination, ordinarily this will be because the plaintiff had no reason to believe he was a victim of discrimination until a series of adverse actions established a visible pattern of discriminatory treatment.

Malhotra v. Cotter & Co., 885 F.2d 1305, 1310 (7th Cir.1989). Selan, supra, 969 F.2d at 565–66.

In this case, Plaintiff has alleged that she has been subject to numerous incidents of ongoing and continuing acts of sexual discrimination and retaliation by Defendants for complaints she made about discrimination, from 1981 to the present. (See First Am. Cmplt. ¶ 8.) LaGrange argues that these alleged acts are not so frequent or interrelated as to constitute a continuing violation and that plaintiff should have known or been alerted to her duty to assert her rights and/or to certain relevant expectations. (See Def. Reply at 4.) However, upon application of the above discussed standards, this court disagrees with LaGrange's contentions.

This case is one in which Plaintiff, essentially, charges that Defendant has followed a practice of discrimination in a covert manner under the amended complaint. The acts of discrimination which allegedly occurred outside of the limitations period qualify as merely discrete, isolated and completed acts that must be regarded as individual violations. For purposes of the motion to dismiss, Plaintiff has sufficiently alleged on-going and continuous acts of discrimination and/or retaliation which are linked to at least one viable charge or act which occurred during the limitations period. In other words, it would not have been reasonable to require Plaintiff to sue separately on each incident. Because the discrimination alleged by Kielczynski was

covert, it is reasonable to infer that she had no reason to believe she was a victim of discrimination until a visible pattern of discriminatory treatment became clear. *See Bruce v. City of Chicago Dept. of Sewers,* 1997 WL 201558 *5 (N.D.Ill.). In short, although the prior acts alleged by Plaintiff occurred over a lengthy period, they were of the nature that would constitute a continuing violation that ends within the applicable limitations period.

Accordingly, the motion to dismiss the allegations in Count I that occurred outside the statute of limitations period must be denied[4].

### B. COUNT II.

■ In Count II Kielczynski alleges that, beginning in or about January 1997, La-Grange took steps to and did interfere with her admission to the Executive Management Program at the Illinois State Training and Standards Board. She claims that the interference was in retaliation for her filing charges with the EEOC. Kielczynski filed a specific charge with the EEOC on May 28, 1997 setting forth the January retaliation. This charge was clearly within the 300-day statute of limitations period, thus Count II does raise a timely allegation of retaliation.

### C. COUNT III.

■ In Count III, Kielczynski alleges sexual discrimination and retaliation under 42 U.S.C. § 1983. She claims that Defendants LaGrange and Clark treated her differently than similarly situated males, interfered with her promotional opportunities, interfered with her opportunity to attend the Executive Management Program, gave her demeaning assignments and unfairly reprimanded her. She claims that these acts were taken under color of state law in that they were rules and/or policies mandated and/or approved by the State, and that they were ongoing since 1981.

Because Section 1983 does not provide a specific statute of limitations, the court looks to the applicable state statute. *Bruce v. City of Chicago,* 1997 WL 201558 (N.D.Ill.). The alleged actions occurred in Illinois and the appropriate statute of limitations period for a Section 1983 claim is two years. 735 ILCS 5/13–202. Accordingly, an action must be filed within two years of the alleged unlawful employment practice. Kielczynski filed her original complaint in this matter on November 21, 1997. Key unlawful employment practices are alleged to have occurred within the two-year period prior thereto. Acts occurring prior to that two-year period are covered herein by the continuing violation standard. *See supra* Part I.A.

Defendant's Count III limitations bar objections thus cannot be accepted.

### D. COUNT IV

In light of this court's ruling as to Count IV, *see* IV *infra,* it is not necessary to address Defendant's limitations bar argument as to Count IV.

## II. RELATION–BACK

■ Clark contends that all allegations directed at him individually (Counts III and IV) do not "relate-back" to Kielczynski's original Complaint, and instead are time-barred. Defendants base this argument on the incorrect conclusion that Kielczynski's claim against Clark is time-barred by the applicable statute of limitations. The concept and issue of relation-back pursuant to Fed.R.Civ.P. 15(c), arises, typically when the plaintiff seeks to add a party after the statute of limitations has run against that party. However, the applicable two-year statute of limitations for § 1983 actions had not expired for key claims by Kielczynski against Clark at the time Clark was added as a party to the case. And, as seen, the continuing violation

---

4. Defendants make the same prior acts limitation bar dismissal contention under Counts II, III, and IV of the amended complaint. The court's continuing violation discussion and motion to dismiss denial under Count I herein applies equally to these other counts and is incorporated by reference into the court's discussion of certain of those counts, *infra* Parts I.B,C.

It perhaps bears noting that this court's ruling on this pleading motion to dismiss is without prejudice to Defendants seeking to develop via discovery this prior acts issue for purposes, if appropriate, of a motion for summary judgment or motion *in limine* as to the inadmissibility of evidence at trial.

doctrine applies to her prior act claims. Thus, the issue of relation-back need not be addressed by this court.[5] *See supra* Part I.C.

### III. § 1983 CLAIMS.

■ Defendants move to dismiss Plaintiff's § 1983 claim in Count III for failure to state a cause of action. Defendants argue that Plaintiff has alleged neither an official policy nor practice, nor the involvement of supervisory personnel sufficient to survive a motion to dismiss (except as to the 1996 Sergeants' promotional exam). Additionally, Defendants argue that Plaintiff has not sufficiently alleged intentional discriminatory conduct on the part of Defendant Clark to state a claim against him in his individual capacity. (*See* Def. Reply at 7.)

■ In order to state a § 1983 claim herein, a plaintiff must allege that she suffered a deprivation caused by a municipal policy or custom or by an isolated act committed by a municipal employee or official having final policymaking authority under state or local law. *Bruce v. City of Chicago Dept. of Sewers,* 1997 WL 201558 (N.D.Ill.). In addition, a plaintiff must also allege purposeful discrimination on the part of the defendant. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir. 1979).

Upon review of the First Amended Complaint, and drawing all reasonable inferences in the light most favorable to the Plaintiff, the court finds that the Plaintiff has sufficiently alleged a cause of action under § 1983 (Count III) against the Defendants, including Clark in his individual capacity.

### IV. DUE PROCESS CLAIM.

■ In Count IV, Kielczynski alleges a due process violation by means of 42 U.S.C. § 1983. Kielczynski asserts that she has a protected property and liberty interest in her promotional opportunities generally and in her opportunity to compete for a sergeant's position in the LaGrange Police Department. (*See* Pl. Resp. Mem. at 10–11.).

Defendants move to dismiss Kielczynski's due process claim. Defendants argue *inter alia* that Kielczynski has failed to state any factual allegations which would constitute a protected property or liberty interest and that in order to establish a property interest, such interest must be specific and presently enforceable with plaintiff having an entitlement to the same. (*See* Def. Reply at 8.)

At issue is whether Kielczynski has a protectable property interest in her asserted promotional opportunities as a police officer, such that it will defeat Defendants' Motion to Dismiss her § 1983 due process claim. In *Bigby v. City of Chicago,* 766 F.2d 1053, 1056–57, 1059, 1060 (7th Cir.1985), the court held that police officers in Illinois, do not have a due process property or liberty interest in promotions. For example, in *Bigby,* the Seventh Circuit articulated that Illinois police officers "did not have a property interest in the rank, which they had not yet obtained..." and "that 'the promotion of a patrolman to sergeant is one of discretion,' so that the plaintiff 'had no vested right to promotion.'" *Id.* at 1056–57. *See also Arnold v. Engelbrecht,* 164 Ill.App.3d 704, 115 Ill.Dec. 712, 518, N.E.2d 237, 240 (1st Dist. 1987). Therefore, Kielczynski does not have a protectable property or liberty interest in her promotional opportunities, and Defendants' Motion to Dismiss Plaintiff's Section 1983 due process claim is hereby granted.[6]

### CONCLUSION

Accordingly, Defendants' Motion to Dismiss is denied as to Counts I, II and III of

---

5. Defendants also raise in their reply memorandum, certain arguments as to purported new allegations of conduct or incidents. (*See* Def. Reply at 6–7.) Close review of the Defendant's Motion to Dismiss discloses that this argument was not raised therein. This argument this is deemed waived herein.

6. Plaintiff's response memorandum raises certain due process allegations not contained in the First Amended Complaint and which cannot be said to be consistent with that Complaint. *See, e.g., Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992.) The court thus deems these allegations not appropriate for consideration. In any event, the court finds the Defendants' reply to these allegations well taken. (*See* Def. Reply at 8–9).

Plaintiff's First Amended Complaint and granted as to Count IV.