FOURTH DIVISION

FILED: 10/19/00

No. 1-00-0152

DONALD G. WILSON, JR. and ABLIN ) Appeal from the

PHARMACY, ) Circuit Court of

) Cook County.

Plaintiffs-Appellees, )

)

v. ) 

)

THE ILLINOIS DEPARTMENT OF ) 

PROFESSIONAL REGULATION and ) 

LEONARD SHERMAN, Director of the ) 

Illinois Department of Professional ) Honorable

Regulation, ) Albert Green,

) Judge Presiding.

Defendants-Appellants. )

JUSTICE HOFFMAN delivered the opinion of the court:

Defendant Leonard Sherman, Director of the Illinois Department of Professional Regulation (Director), signed an order suspending the pharmacy license of the plaintiff, Donald G. Wilson, Jr., for 9 months followed by probation for 27 months, and revoking the license of Ablin Pharmacy (Ablin), which was owned and operated by Wilson.  This order (also referred to herein as the "Department's Decision") imposed a harsher sanction against Wilson than had been recommended by the Illinois State Pharmacy Board (Board), and constituted a final decision of the Department.  Wilson sought administrative review before the circuit court,
(footnote: 1) which reversed the order and remanded the case with directions that the Board's recommended sanction be imposed.  The disciplinary action taken against Ablin was not contested.  The Illinois Department of Professional Regulation (Department) and the Director (collectively referred to as the "defendants") filed this timely appeal.  For the reasons which follow, we reverse the judgment of the circuit court and confirm the Department's Decision.

Wilson and several other pharmacists were indicted as a result of a federal investigation which became known as "Operation Goldpill."  Wilson pled guilty to the felony of receipt of misbranded drugs through interstate commerce in violation of the Food, Drug and Cosmetic Act (21 U.S.C. §§ 331(c), 333(a)(2) (1988)).  He was placed on probation for a period of one year and ordered to perform 200 hours of community service, which he successfully completed. 

As a result of Wilson's conviction, the Department filed a complaint against him and Ablin pursuant to section 30 of the Pharmacy Practice Act of 1987 (Pharmacy Act) (225 ILCS 85/30(a)(2), (a)(14) (West 1996)), seeking to revoke or suspend their licenses.  The Department's complaint referred to Wilson's admission in his plea agreement that, on three different occasions in June 1992, he knowingly purchased up to seven different types of misbranded drugs.

The parties appeared before an administrative law judge (ALJ) for an evidentiary hearing.  The ALJ admitted Wilson's Federal plea agreement into evidence.  In that agreement, Wilson admitted that he purchased drugs which he knew to be "diverted" since they had been removed from their packages, the safety seals had been broken, and the manufacturers' labels had been removed.  He further admitted in the plea agreement that he had intended to sell the drugs at retail prices without disclosing that they had been "diverted," and that he had, in fact, sold some of the drugs to the public.   

At the hearing, Wilson testified that he had been a pharmacist for over 20 years and that he never had legal problems before this incident.  He explained that he was having financial difficulties when a vendor from whom he had purchased goods over the years offered to sell him some drugs which the vendor claimed came from pharmacies which had closed.  Despite the admissions contained in his Federal plea agreement, at the hearing, Wilson denied that he sold any of these drugs to the public, stating that the FBI confiscated them during a raid shortly after he purchased them.  He also denied that he purchased the quantities of drugs listed in the plea agreement, stating that he signed the agreement on the advice of his attorney.  However, Wilson did acknowledge that what he did was wrong, and stated that he understood how his conduct could be viewed as endangering the public.  Wilson also presented the testimony of several character witnesses and letters of recommendation from community members who attested to his integrity and their trust in him.

After the hearing, the ALJ issued a report and recommendation in which she found that: (1) the Department proved that Wilson was convicted of a felony based on a violation of the Food, Drug and Cosmetic Act, and that his conviction was a basis for disciplinary action under section 30 of the Pharmacy Act (225 ILCS 85/30(a)(2), (a)(14) (West 1996)); (2) Ablin, although not convicted, had aided and abetted Wilson in the felony, conduct which also provided grounds for disciplinary action under section 30 of the Pharmacy Act (225 ILCS 85/30(a)(2), (a)(5) (West 1996)); and (3) Wilson was a credible witness, acknowledged his misconduct, and had not been previously disciplined by the Department.  Based on these findings, the ALJ recommended that Ablin's license be revoked and that, among other things, Wilson's license be suspended for 3 months followed by probation for 9 months.  The ALJ stated that she had considered certain factors in mitigation, including: the type and length of Wilson's criminal sentence; the fact that the wrongdoing had occurred five years prior and that Wilson had been released from probation one year before the hearing; the absence of any wrongdoing since June 1992; community support; a lack of prior disciplinary history; and Wilson's sincere remorse.  The ALJ stated her belief that the discipline recommended was appropriate and "consistent with other Departmental cases."  Subsequently, the Board adopted the ALJ's findings of fact and recommended the same sanction in its written report filed pursuant to section 35.6 of the Pharmacy Act (225 ILCS 85/35.6 (West 1996)).

The Department filed a motion entitled "Motion for Contrary Action by the Director or Motion for Reconsideration," asking for the imposition of a sanction against Wilson greater than that recommended by the Board or that the case be remanded to the Board for it to reconsider its findings of fact, conclusions of law, and recommended sanction.  The Department argued that the record reflected that Wilson failed to accept responsibility and that the recommended sanction was too lenient in comparison to other pharmacists convicted in "Operation Goldpill."  In response, Wilson argued, 
inter alia
, that the Department was without authority to file such a motion.  On July 16, 1998, Nikki M. Zollar, the Director's predecessor, remanded the case to the Board for reconsideration, stating, among other things, that she did not have sufficient information to support the conclusion that Wilson's sanction was consistent with recommendations made in cases in which similar violations had occurred.

On remand, the Board issued a recommendation to the Director in which it stated that it "determines that its original recommendation for a three (3) month suspension followed by a nine (9) month probation pertaining to [
the] pharmacist license of Donald G. Wilson, Jr. is consistent with recommendations made in cases in which similar violations occurred and hereby stands by its original recommendation."  Thereafter, the Department filed a second motion entitled "Motion for Contrary Action by the Director," asking the Director to impose a more severe sanction.  Wilson again argued that the Department was without authority to file such a motion. 

On June 10, 1999, the Director signed the order suspending Wilson's license for 9 months to be followed by a 27 month period of probation.  On June 22, 1999, Wilson filed the instant administrative review proceeding.  After finding, 
inter
 
alia
, that the Pharmacy Act does not authorize the Department to file post-

hearing motions and that the Department's Decision increasing Wilson's sanction is against the manifest weight of the evidence, the circuit court reversed the Department's Decision and remanded the matter with directions to impose the sanction recommended by the Board.  This appeal followed.  

In urging reversal of the circuit court's order, the defendants argue that: (1) the Department has the authority to file post-

hearing motions of the type filed in this case and, in any event, the Director and his predecessor acted pursuant to explicit grants of authority set forth in the Pharmacy Act; and (2) the sanction against Wilson ordered by the Director was not an abuse of discretion.  We will address the defendants' contentions relating to the Department's right to file motions for rehearing or reconsideration separately from those relating to its right to file a motion requesting that the Director take action contrary to the Board's recommendation.

Considerable portions of the parties' briefs are devoted to arguments addressing the Department's right to seek either a rehearing or an order directing the Board to reconsider its recommendation.  For its part, the circuit court found that the Department was not authorized to seek such relief.  However, for the reasons which follow, we need not resolve the issue.

Section 35.9 of the Pharmacy Act (225 ILCS 85/35.9 (West 1996)) specifically authorizes a director to order the Board to rehear a case "[w]henever *** [he or she] is satisfied that substantial justice has not been done[,]" and section 35.8 authorizes a respondent to file a motion seeking a rehearing (225 ILCS 85/35.8 (West 1996)). Although nothing in the Pharmacy Act specifically authorizes the Department to file either a motion for rehearing or a motion for reconsideration, the defendants argue that sections 1110.210(a)(8) and 1110.240(g) of the Illinois Administrative Code (68 Ill. Adm. Code §§1110.210(a)(8), 1110.240(g) (1996)) authorize the Department to file motions seeking either form of relief.  However, even assuming for the sake of analysis that Wilson is correct in his assertion that a director is not authorized by statute to remand a matter to the Board with instructions to reconsider its recommendation and the Department is not authorized to request such relief, we fail to see how the Department's motion seeking an order upon the Board to reconsider its recommendation or Zollar's order of July 16, 1998, could be grounds for reversing the Department's Decision.  On reconsideration, the Board did not retreat from its initial recommendation; rather, it confirmed it.  Even assuming that the matter never should have been remanded for reconsideration, the fact that it was did not change the Board's initial recommendation and Wilson cannot, therefore, claim any prejudice.

Next, we address the significance of the Department having filed a motion requesting that the Director take action contrary to the Board's recommendation.  Section 35.10 of the Pharmacy Act (225 ILCS 85/35.10 (West 1996)) contemplates that a director may take action contrary to the recommendations of the Board and provides a procedure to be employed when he or she does so.  However, there is no statutory authority for the Department to file a motion seeking such relief.  Wilson argues that the absence of such statutory authority means that the procedure is unauthorized.  We disagree.

An administrative agency exercises purely statutory powers, and any power exercised by the agency must come from the provisions of the statute the agency enforces.  See 
County of Cook v. Illinois Local Labor Relations Board
, 302 Ill. App. 3d 682, 686-87, 707 N.E.2d 176 (1998).  However, an express grant of power or duty to an agency or one of its officers carries with it the grant of power to do all things that are reasonably necessary to execute that power or duty.  
Lake County Board of Review v. Property Tax Appeal Board
, 119 Ill. 2d 419, 427, 519 N.E.2d 459 (1988).  As was held in 
Illinois Federation of Teachers v. Board of Trustees, Teachers' Retirement System
,
 191 Ill. App. 3d 769, 774, 548 N.E.2d 64 (1989):

"This authority need not always be exercised through a formal process of rule making.  We decline to adopt the plaintiff's reasoning which suggests every action which an administrative agency takes, not made subsequent to a formal rule, may be challenged as outside the legal authority of that agency."

Administrative agencies are given wide latitude in fulfilling their duties.  
Lake County Board of Review
, 119 Ill. 2d at 428.   

The purpose of the Pharmacy Act is the protection of the public health, safety, and welfare through regulation of the practice of pharmacy.  
Miller v. Department of Registration & Education
, 75 Ill. 2d 76, 81-82, 387 N.E.2d 300 (1979).  Both the ALJ and the Board found that Wilson was convicted of receiving misbranded drugs through interstate commerce in violation of the Food, Drug and Cosmetic Act, a felony related to the practice of pharmacy, of which an essential element is dishonesty (see 225 ILCS 85/30(a)(14) (West 1996)).  The Pharmacy Act vests the Department with such powers and duties necessary for effectuating its purpose (225 ILCS 85/11 (West 1996)), including the power to take disciplinary action against a pharmacist (225 ILCS 85/30(a) (West 1996)).  Although the Department is not authorized to exercise its disciplinary power except upon the action and report of the Board, its director is authorized to take action contrary to the Board's recommendation.  225 ILCS 85/35.10 (West 1996).  We fail to see any reason why the Department is not authorized to request its Director to take action contrary to the Board's recommendation as an incident to: (1) its duty to effectuate the purpose of the Pharmacy Act; and (2) its power to discipline.  We hold, therefore, that the circuit court erred in finding that the Department lacked the authority to file a motion requesting that the Director take action contrary to the Board's recommendation.  Further, since Wilson was afforded an opportunity to respond to the Department's motion and the Director considered his response along with the record before taking action contrary to the Board's recommendation, he cannot claim that he was denied due process.  See 
Stillo v. State Retirement Systems
, 305 Ill. App. 3d 1003, 1009, 714 N.E.2d 11 (1999) (the essence of procedural due process is notice and the meaningful opportunity to be heard).

Having determined that the filing of the Department's post-

hearing motions and Zollar's order of July 16, 1998, provide no basis to reverse the Department's Decision, we will now address the questions of: (1) whether the Department's Decision is against the manifest weight of the evidence; and (2) whether the sanction imposed on Wilson was an abuse of discretion.

The factual findings of an administrative agency are held to be 
prima facie
 true and correct (735 ILCS 5/3-110 (West 1998)), and will not be disturbed on review unless against the manifest weight of the evidence.  
Abrahamson v. Illinois Department of Professional Regulation
, 153 Ill. 2d 76, 88, 606 N.E.2d 1111 (1992).  It is the final decision of the agency that is reviewed in an administrative review proceeding, and it is the agency's findings of fact that are entitled to deference, not the findings of a hearing officer or an ALJ.  
Starkey v. Civil Service Comm'n
, 97 Ill. 2d 91, 100-01, 454 N.E.2d 265 (1983); 
Pundy v. Department of Professional Regulation
, 211 Ill. App. 3d 475, 486-87, 570 N.E.2d 458 (1991).  This is true even when the agency's findings differ from those of the ALJ and the agency has not had the opportunity to observe the witnesses.  
Starkey
, 97 Ill. 2d at 101; 
Schmeier v. Chicago Park District
, 301 Ill. App. 3d 17, 30, 703 N.E.2d 396 (1998).

In reversing the Department's Decision, the circuit court found  that the decision was against the manifest weight of the evidence.  In making this finding, the circuit court observed that the Director: (1) rejected the Board's finding that the passage of five years since Wilson committed the acts which gave rise to his conviction should be viewed as a mitigating factor; (2) rejected the Board's finding that its recommended sanction was consistent with recommendations made in similar cases; and (3) unilaterally increased the sanction.  We will address each of these observations separately.

There is no question but that Wilson committed the offense which gave rise to the Department's disciplinary proceedings five years prior to the time that the ALJ issued her report and recommendation which the Board adopted.  The Director took issue with the ALJ's reliance on this fact in mitigation, stating in his order: "I also do not find that the length of time elapsed since the misconduct mitigates the seriousness of the offense, and disagree with the Board and the Administrative Law Judge that such factor should be accorded significant weight as mitigation."

Whether the passage of time should or should not have been accorded significant weight as mitigation under the circumstances of this case is not a fact; rather, it is a judgment as to the weight to be accorded a certain uncontested fact in determining a penalty.  Although the Pharmacy Act states that the Board's findings of fact, conclusions of law, and recommendations "shall be the basis of the Department's order" (225 ILCS 85/35.6 (West 1996)), the statute does not require the Director to adopt the Board's findings.  In point of fact, as we have noted earlier, the statute contemplates that the Director may disagree with the Board and take contrary action.  225 ILCS 85/35.10 (West 1996).  That is not to say that the Director may completely disregard the Board's report.  We hold only that the weight to be accorded to a fact is a matter within the province of the administrative agency (
Jackson v. Board of Review of the Department of Labor
, 105 Ill. 2d 501, 513, 475 N.E.2d 879 (1985)), and the fact that one might find, as the Board did, that the passage of time should be accorded more weight than the Director assigned to it, does not render his determination against the manifest weight of the evidence (see 
Abrahamson
, 153 Ill. 2d at 88-

89).

Next, we address the issue of whether the Director's conclusion, that a suspension of Wilson's license for a period of 9 months followed by 27 months probation would be "more consistent with similar cases" than the Board's recommended sanction, is against the manifest weight of the evidence.

On administrative review, courts are not at liberty to substitute their judgment for that of the agency.  The findings and conclusions of an administrative agency are against the manifest weight of the evidence only if the opposite conclusion is clearly evident.  
Abrahamson
, 153 Ill. 2d at 88.

In order to find that the Director's determination as to the consistency of the Board's recommended sanction with the sanctions imposed in similar cases is not against the manifest weight of the evidence, we need look no further than Wilson's own "Exhibit V" which was admitted into evidence by the ALJ.  Exhibit V reflects that, up to the time of Wilson's hearing, the minimum sanction imposed by the Department on any of the other pharmacists convicted as a result of the "Operation Goldpill" investigation was a 9 month suspension followed by 3 years probation.  This sanction was imposed against a pharmacist convicted of mail fraud.  Exhibit V also reveals that another pharmacist, Jay Pines, who was convicted of the same charge as Wilson, receipt of misbranded drugs, received a 12 month suspension followed by 24 months probation.

The final issue to be addressed relates to the sanction imposed upon Wilson.  The Board recommended that he be suspended for 3 months followed by 9 months probation.  The Director declined to follow that recommendation and imposed a 9 month suspension followed by 27 months probation.  The circuit court found that the lesser sanction recommended by the Board was more appropriate, stating: "Although the conviction of this felony is a serious violation, in light of the mitigating factors, it is clear that the unilateral decision of the Director to increase the penalty against the plaintiff is against the manifest weight of the evidence presented in the record."  We disagree.

In determining whether an administrative finding is against the manifest weight of the evidence, consideration must be given to the severity of the sanction imposed.  
Abrahamson
, 153 Ill. 2d at 99.  However, courts defer to the expertise and experience of the administrative agency in determining what sanction is appropriate to protect the public interest.  
Massa v. Department of Registration & Education
, 116 Ill. 2d 376, 388, 507 N.E.2d 814 (1987).  Penalties imposed by an administrative agency should not be reversed unless they are arbitrary or unreasonable.  
Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n
, 85 Ill. 2d 547, 551-52, 426 N.E.2d 885 (1981).

For the reasons previously given, the Director was not obligated to accept the Board's recommended sanction.  We find that the Director's sanction set forth in the Department's Decision is neither arbitrary nor unreasonable, nor is it overly harsh or unrelated to the purposes of the Pharmacy Act.  It is uncontested that Wilson was convicted of a felony involving dishonesty and related to the practice of pharmacy.  Further, the sanction imposed upon him is clearly consistent with the suspensions imposed upon a number of other pharmacists convicted as a result of the "Operation Goldpill" investigation.  As Wilson's own hearing exhibit reflects, his suspension of 9 months followed by 27 months probation is on the low end of the range.  Consequently, we find that the circuit court erred in substituting its judgment for that of the Director by determining an appropriate sanction in this case and reversing the Department's Decision.

For the reasons stated above, we reverse the order of the circuit court, and confirm the Department's Decision in this case.

Circuit court judgment reversed; Department Decision confirmed.

SOUTH and BARTH, JJ., concur.

FOOTNOTES
1:
Although the caption of the complaint filed in this case designates both Wilson and Ablin as plaintiffs, the complaint seeks relief in favor of Wilson only.